**PRECISION POLYMERS, INC., Petitioner,**

v.

**Fred NELSON, Judge of the District Court of Tulsa County, Oklahoma, Respondent.**

No. 45596.

Supreme Court of Oklahoma.

June 19, 1973.

Sanders, McElroy & Carpenter, Tulsa, for petitioner.

Clyde J. Watts, Oklahoma City, Paul E. Garrison, Tulsa, for respondent.

IRWIN, Justice:

This original proceeding requires an interpretation of 12 O.S.1971, § 187; and 12 O.S.1971, § 1701.01 et seq., sometimes referred to as our "Long Arm" statutes.

Bowline Construction Company commenced proceedings against Precision Polymers, Inc., et al, to recover damages allegedly sustained by Bowline on separate construction projects in Oklahoma and Missouri. Bowline alleged five separate causes of action and sought recovery against Precision in its Second and Fifth causes. The Second cause involved the Missouri project and the Fifth cause involved the Oklahoma project.

The "Long Arm" statutes were invoked to subject Precision to the jurisdiction of the Oklahoma Court and to obtain service of process upon it.

Precision challenged the venue and jurisdiction of the trial court as to Bowline's Second cause of action against it on the grounds that that cause of action arose in Missouri and did not arise in Oklahoma. The trial court overruled Precision's plea to the venue and jurisdiction.

In this original proceeding Precision (Petitioner) requests this Court to assume original jurisdiction and issue a writ of prohibition restraining and enjoining the trial court from exercising further jurisdiction over it as to Bowline's Second cause of action.

Petitioner is a Delaware Corporation and its principal place of business is in

New Jersey. It is not domesticated and does not have a registered service agent in Oklahoma. Petitioner manufactured certain supplies and materials that were used in the Oklahoma and Missouri projects. Bowline's two causes of action against Petitioner are based upon breach of implied warranty, i. e., certain supplies and materials manufactured by Petitioner and used in the projects were allegedly defective.

The Oklahoma and Missouri projects were separate and distinct. Petitioner had sold the allegedly defective material and supplies to another defendant, Cement Asbestos Products Company, whose principal place of business was in Alabama. At the direction of Asbestos, Petitioner delivered the material and supplies it had sold to Asbestos to the Bowline job sites in Oklahoma and Missouri.

Apparently Petitioner concedes the trial court had jurisdiction over it to adjudicate the Fifth cause of action which involved the Oklahoma project. However, in reference to the second cause (the Missouri project), Petitioner contends that it committed no acts and transacted no business within the purview of 12 O.S.1971, § 187, or 12 O.S.1971, § 1701.03, that would subject it to the jurisdiction of the Oklahoma Courts.

Section 187, supra, provides:

"Any person, firm or corporation * * * who does, or who has done any of the acts hereinafter enumerated, * * * submits himself * * * to the jurisdiction of the courts of this State as *to any cause of action arising, or which shall have arisen,* from doing any of said acts:

"(1) the transaction of any business within this State;

"(2) the commission of any act within this State;

"(3) the manufacture or distribution of a product which is sold in the regular course of business within this State and is used within this State;

"* * *." (emphasis ours)

12 O.S.1971, § 1701.03, provides that a court may exercise personal jurisdiction over a person who acts directly or indirectly or by an agent, *as to a cause or claim for relief arising from the person's* transacting any business in this State. Other acts are enumerated which would subject the actor to the jurisdiction of the Oklahoma Courts.

If Petitioner would be subject to the jurisdiction of the Oklahoma Court under the latter statute, it would be subject to the same jurisdiction under § 187 under the record herein presented. Therefore, we shall consider only the question of jurisdiction as affected by the provisions of § 187, supra.

In Crescent Corporation v. Martin (1968), Okl., 443 P.2d 111, the trial court overruled a plea to the venue and jurisdiction of the trial court. In an original proceeding, we issued a writ and directed the trial court to sustain the plea to the jurisdiction. In Crescent, we held:

"When jurisdiction in personam of a foreign corporation is asserted under 12 O.S.Supp.1967 § 187, it must at least appear from the record that said defendant has (either within or without the State of Oklahoma) voluntarily committed some act by which said defendant has purposefully availed itself of the privilege of conducting activities (either singular or plural) within the State and has thus invoked the benefits and protections of the laws of Oklahoma and *it must also appear from the record that plaintiff's cause of action arises out of or is based upon the same acts of defendant alleged to confer jurisdiction in personam* of said defendant under the cited statute." (emphasis ours)

Under the above holding if it does not appear from the record that plaintiff's cause of action arises out of or is based upon the same acts of defendant alleged to confer jurisdiction in personam of the defendant, plaintiff may not invoke the provisions of § 187, supra, to acquire jurisdiction of defendant. This holding is in harmony with the language of § 187, which

limits its application "to any cause of action arising, or which shall have arisen, from doing any" of the acts therein enumerated.

The authorities cited on behalf of Respondent to sustain Bowline's position that Petitioner is subject to the jurisdiction of the Oklahoma Courts for the Missouri project are distinguishable. In each of those cases, plaintiff's cause of action arose out of or was based upon the same acts of the defendant alleged to confer jurisdiction of the defendant. As an example in Marathon Battery Company v. Kilpatrick (1965), Okl., 418 P.2d 900, plaintiff Kilpatrick was injured when a battery that he had purchased from a retail store in Oklahoma exploded. The battery was manufactured and shipped to Oklahoma by Marathon to the retailer for sale and distribution in Oklahoma.

In reference to the Missouri project, Petitioner did no act within the purview of § 187 that would subject it to the jurisdiction of the Oklahoma Courts. There is nothing in the record that would sustain a finding that Petitioner ever transacted any business or committed any act in Oklahoma in connection with its furnishing the alleged defective materials and supplies that were used in the Missouri project. Petitioner sold such materials and supplies to Asbestos, whose principal office was in Alabama and made delivery in Missouri. Bowline's Second cause of action (action on the Missouri project) did not arise out of nor is it based upon Petitioner's manufacturing defective supplies and materials that were used in Oklahoma but is based upon Petitioner's manufacturing defective supplies and materials that were used in the Missouri project. Since Bowline's Second cause of action did not arise out of nor is it based upon the same acts of Petitioner alleged to confer jurisdiction in the Oklahoma Courts, Petitioner is not subject to the jurisdiction of the Oklahoma Courts as to Bowline's Second cause of action.

Prohibition is the proper remedy to prevent a trial court from proceeding further in a cause of action of which it has no jurisdiction. Hayes Freight Lines v. Cheatham (1954), Okl., 277 P.2d 664.

Original jurisdiction assumed; Writ of Prohibition granted; and Respondent is directed to sustain Petitioner's (Precision's) plea to the venue and jurisdiction as to Bowline's Second cause of action against Petitioner.

All the Justices concur.