**D. M. BUTLER d/b/a Butler Distributing Company, Plaintiff,**

**v.**

**PLASTICS RESEARCH AND DEVELOPMENT CORPORATION, a corporation, Defendant.**

**No. 74–288–C.**

United States District Court,
E. D. Oklahoma,
Civil Division.

Dec. 20, 1974.

---

1. In this case petitioner did not appeal the active order duty.

Jan Eric Cartwright, Albert R. Matthews, Muskogee, Okl., for plaintiff.

J. Ron Wright, Muskogee, Okl., Owen C. Pearce, Ft. Smith, Ark., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This lawsuit containing two separate causes of action based on two separate contracts was commenced by Plaintiff in the District Court of Muskogee County, Oklahoma and was subsequently removed to this Court by Defendant. Defendant has filed a Motion to Dismiss in which it claims the service of process is insufficient and further that this Court lacks personal jurisdiction over the Defendant. This Motion is supported by a Brief. Defendant has filed an affidavit by its Vice-President asserting matters it relies upon in its claim that jurisdiction is improper. Plaintiff has filed a Brief in Opposition to said Motion. This Court entered its Order of November 7, 1974 in which it was determined that the alleged defect in the service of process could be corrected by an amendment to the summons and the Clerk of this Court was directed to make the necessary correction. In the Order of November 7, 1974, the Court noted that from the state of the record, jurisdictional facts were in dispute and that the case would be set for an evidentiary hearing on said disputed issues pursuant to the recommended procedure set out in the case of Schramm v. Oakes, 352 F.2d 143 (Tenth Cir. 1965).

The Court conducted an evidentiary hearing on December 4, 1974. The burden of proof in this hearing is on the Plaintiff. Wilshire Oil Company of Texas v. Riffe, 409 F.2d 1277 (Tenth Cir. 1969). The evidence adduced from such hearing presented by the Plaintiff was related in most part to activities connected with a Sales Agency Agreement entered into between the parties. Under the terms of this agreement, Plaintiff was appointed the exclusive sales distributor within the State of Oklahoma and other states not relevant to the jurisdictional issues herein, for the sale of plastic salt and pepper shakers and cream dispensers which were manufactured by Defendant in Arkansas. The evidence showed that this Agreement was entered into in Ft. Smith, Arkansas.[1] Plaintiff testified that when he purchased the products in question from Defendant he always picked up the merchandise in his own

---

[1]. The Defendant's President testified that the Sales Agency Agreement with Plaintiff was entered into after Plaintiff came to Defendant's offices in Ft. Smith, Arkansas, and presented Defendant with the idea for manufacturing the items in question.

truck at Defendant's facility in Ft. Smith, Arkansas. The evidence relating to the Sales Agency Agreement upon which Plaintiff bases his first cause of action fails to disclose that Defendant has conducted any acts within the State of Oklahoma in relation to said agreement. Nor that Defendant is domesticated, has a registered service agent or has a place of business or property in Oklahoma. One item relied on by Plaintiff is that the carton in which the cream dispensers were sold contained an "order blank" urging buyers to purchase additional dispensers direct from Defendant in Ft. Smith, Arkansas. Plaintiff testified that such cartons were distributed throughout the State of Oklahoma wherever such dispensers were sold. However, the evidence indicated that such distribution was as a result of Plaintiff's sales distribution efforts and that Defendant did not place the cartons displaying the "order blanks" in various locations in Oklahoma. Plaintiff testified he knew of one isolated instance of a mail order having been placed by an Oklahoma resident. The Defendant's testimony was that no "order blanks" have been shipped. Plaintiff introduced a shipping carton showing that Defendant had shipped an order of salt and pepper shakers or cream dispensers to a sales distributor based in Sapulpa, Oklahoma. He further testified that this Sapulpa, Oklahoma distributor sold such products in states other than Oklahoma. It was thus not related to Plaintiff's Sales Agency Agreement.

At said hearing, Plaintiff introduced evidence that he asserts shows that Defendant is doing business in Oklahoma on matters other than the Sales Agency Agreement between Plaintiff and Defendant which only relates to salt and pepper shakers and cream dispensers.

Plaintiff introduced into evidence two fishing lures which the boxes showed were manufactured by Defendant, Ft. Smith, Arkansas. He testified that he purchased these items at two separate stores in Muskogee, Oklahoma, on December 3, 1974. He further expressed his opinion that Defendant had several sales agents which called on the sporting goods wholesale jobbers in Oklahoma for the purpose of selling its line of fishing lures. In this regard, the Defendant's President testified that it had agreements with various manufacturer's representatives who were independent contractors. He further testified that said representatives obtained orders from customers which were forwarded to Defendant in Arkansas. The Orders were shipped and billed direct to the purchasers and Defendant paid a commission thereon to the sales representatives.

The second cause of action asserted by Plaintiff arises from a Royalty Agreement concerning said items. Plaintiff has not presented any evidence involving the Royalty Agreement which would subject Defendant to the personal jurisdiction of this Court.

At the evidentiary hearing Plaintiff claimed jurisdiction is proper as to Defendant under 12 Oklahoma Statutes 1971 § 1701.03(a)(1) and (2).[2]

Plaintiff contends as to 12 Oklahoma Statutes § 1701.03(a)(1) that the Court should consider acts or activities of Defendant in the State of Oklahoma other than those involved in the two causes of action he has asserted in this lawsuit. This contention is not in accord with the Oklahoma Supreme Court rulings in this regard. This matter is governed by Oklahoma law. Sumners v. Continental Copper & Steel Industries, Inc., 445 F.2d 141 (Tenth Cir. 1971). In Precision Polymers, Inc. v.

2. This Statute as to these sections provides: "(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, *as to a cause of action or claim for relief arising from* the person's: (Emphasis supplied).

(1) transacting any business in this state;
(2) contracting to supply services or things in this state;"

**230**

Nelson, 512 P.2d 811 (Okl.1973) the Court stated:

> "Under the above holding if it does not appear from the record that plaintiff's cause of action arises out of or is based upon the same acts of defendant alleged to confer jurisdiction in personam of the defendant, plaintiff may not invoke the provisions of § 187, supra, to acquire jurisdiction of defendant. This holding is in harmony with the language of § 187, which limits its application 'to any cause of action arising, or which shall have arisen, from doing any' of the acts therein enumerated." [3]

The above holding referred to was from the case of Crescent Corporation v. Martin, 443 P.2d 111 (Okl.1968). This Court held in Russell v. City State Bank of Wellington, Texas, 264 F.Supp. 572 (W.D.Okl.1967) that the Oklahoma "long arm" statutes only permits the Court to exercise personal jurisdiction over a non-resident on a cause of action arising from the commission of acts enumerated therein. In the instant case, the Court will only consider matters relating to the Plaintiff's two causes of action to determine if Defendant's assertion that personal jurisdiction is lacking is correct.

█ Both causes of action are based on contracts alleged to have been breached by Defendant. In his Complaint, Plaintiff asserted that both were executed on December 11, 1973 at Warner, Oklahoma. Defendant by the affidavit of its Vice-President stated that both contracts were executed in its offices in Fort Smith, Arkansas. Plaintiff did not counter this contention in the evidentiary hearing and in fact admitted that same were executed in Defendant's offices in Ft. Smith, Arkansas, contrary to his earlier allegations.

As to the contract in the First Cause of Action which is designated a Sales Agency Agreement the evidence indicated that Plaintiff in all instances when obtaining merchandise from Defendant for sale in Oklahoma picked up such merchandise in person from Defendant's facilities in Ft. Smith, Arkansas. Under such evidence Defendant has not transacted any business within Oklahoma or committed any acts in Oklahoma. The acts in Oklahoma were committed by the Plaintiff, not the Defendant. The evidence does not establish that Plaintiff's acts in Oklahoma were performed as the agent of Defendant. Plaintiff was an independent contractor in regard to these acts in Oklahoma.

As to 12 Oklahoma Statutes § 1701.-03(a)(2) an examination of the two agreements reveals no provision by which Defendant contracted to supply services or things in Oklahoma. The conduct of the parties reveals that in all instances Plaintiff took delivery of Defendant's products in his own transportation in Ft. Smith, Arkansas and Plaintiff moved the same into Oklahoma. Defendant's testimony was that this practice was the intent and agreement of the parties. Plaintiff presented no evidence to the contrary.

█ The contract in the Second Cause of Action is designated a Royalty Agreement which provides that Defendant shall pay to Plaintiff a specified royalty for all salt and pepper shakers and dispensers produced for resale except those sold to Plaintiff under the Sales Agency Agreement which is the subject of Plaintiff's First Cause of Action. Thus, by its own terms, the Royalty Agreement excludes royalty payments for products sold by Plaintiff in Oklahoma and thus jurisdiction is not proper as to Plaintiff's Second Cause of Action under the provisions of the "long arm" statutes relied on herein by the Plaintiff.

Defendant's Motion To Dismiss For Lack Of Jurisdiction is sustained as the

3. The quoted language from 12 Oklahoma Statutes § 187 though not in identical words is identical in effect to the language used in 12 Oklahoma Statutes § 1701.03. See Note 2, supra. Also the Court said that if jurisdiction was present under § 1701.03 it would be present under § 187. The sections are duplicitous insofar as this case is concerned.

record before the Court does not establish that Defendant had the required contacts in Oklahoma as announced by International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Plaintiff's action should be dismissed.