Mike BRUCE et al., Plaintiffs,

v.

FAIRCHILD INDUSTRIES, INC., a Foreign Corporation, formerly Fairchild Hiller Corp., Defendant.

No. CIV–73–14–D.

United States District Court,
W. D. Oklahoma.

Dec. 23, 1974.

On Motion To Dismiss March 21, 1975.

John W. Norman and Larry A. Tawwater, Oklahoma City, Okl., for plaintiffs.

B. J. Cooper and A. T. Elder, Jr., Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This action arises from the crash of an aircraft on October 2, 1970 near Georgetown, Colorado. The aircraft was transporting members of the Wichita State University football team and some of their supporters to a game when the crash occurred. Numerous separate actions were filed in the State District Court for Oklahoma County, Oklahoma against Defendant Fairchild (the only Defendant herein) and other parties by the Plaintiffs herein. Plaintiffs were either injured in the crash or they bring their actions on behalf of persons killed therein. The various individ-

ual actions were dismissed from the State Court as to Defendant Fairchild only and the present action commenced. The case against Defendant herein is a products liability action asserted against Fairchild as a former owner of the aircraft in question.

Defendant filed a Motion to Dismiss in which it asserts that jurisdiction over it in this action is lacking. Defendant also filed several other motions at approximately the same time to include a Motion for Summary Judgment and a Motion to Adopt State Court Proceedings. Defendant's Motions were supported by Briefs. Plaintiffs have responded to the Motions.

In their Response, Plaintiffs state that they agree to the adoption herein of the State Court proceedings. They state that the State Court Judge or Judges handling the cases ruled that Defendant Fairchild was subject to the jurisdiction of the Oklahoma Courts. They urge that the adoption of the State Court Proceedings in this action includes the adoption of the ruling by the Court below as to the jurisdictional issue raised herein by Defendant. Plaintiffs then elected to make no further response to the Defendant's Objection to this Court exercising in personam jurisdiction over Defendant in this case as raised in its Motion to Dismiss filed herein.

■ The parties and the Court have done much work in this case, most of it relating to the Motion for Summary Judgment. In considering the case the Court has become quite familiar with the facts giving rise to this lawsuit. It appears that Defendant's position that personal jurisdiction is lacking over it as to the causes of action or claims herein may have merit and this Court should entertain and rule on the Motion to Dismiss based on this ground as a threshold matter prior to ruling on other Motions pending herein. When a Motion to Dismiss is urged based on lack of personal jurisdiction, such Motion must be passed on by the Court prior to considering any Motions going to the merits of the case such as a Motion for Summary Judgment. *Arrowsmith v. United Press International*, 320 F. 2d 219 (Second Cir. 1963).

■ This Court has not Ordered the State Court Proceedings adopted in this action and the agreement by Plaintiffs to Defendant's request that same be adopted does not make them a part of this action. The assertion that this Court would be bound by the determination in the State Courts that Defendant is subject to jurisdiction herein is incorrect. A Court has a right and a duty to determine its own jurisdictional questions. *Jones v. Farmers Ins. Exchange of Los Angeles, Cal.*, 112 F.Supp. 952 (W.D.Okla.1953). Further, it is noted that Defendant has saved its objections to the jurisdictional ruling in the State Court and has renewed its objection to in personam jurisdiction in this Court.

■ The issues to be considered in determining if jurisdiction is present is whether Defendant is subjected to the jurisdiction of the Oklahoma Courts pursuant to the duplicitous "long arm" statutes found in 12 Oklahoma Statutes 1971 §§ 187 and 1701.03. The Courts of Oklahoma have held that jurisdiction based on these statutes must be based on activities giving rise to the cause of action or claim asserted. *Crescent Corporation v. Martin*, 443 P.2d 111 (Okla. 1968); *Precision Polymers, Inc. v. Nelson*, 512 P.2d 811 (Okla.1973). The record in the instant case does not disclose which "long arm" statute or which provision or provisions thereof Plaintiffs rely upon.

■ The Court determines that an evidentiary hearing should be conducted in order to resolve the issue of the claimed lack of personal jurisdiction over Defendant. Such procedure when disputed fact issues are involved was recommended in the case of *Schramm v. Oakes*, 352 F.2d 143 (Tenth Cir. 1965). Such hearing is set for the 15th day of January, 1975 at 10:00 a. m.

Other Motions under consideration by the Court in this action are abated pending the outcome of the Motion to Dismiss.

## ON MOTION TO DISMISS

On December 23, 1974 this Court issued its Order setting Defendant's Motion To Dismiss for an evidentiary hearing. Said Motion is based and the hearing was con-

ducted on an assertion that personal jurisdiction over Defendant in this action is lacking. The facts giving rise to this products liability action are set out in said Order which is adopted by reference in its entirety.

Said evidentiary hearing pursuant to *Schramm v. Oakes,* 352 F.2d 143 (Tenth Cir. 1965) was conducted on January 15, 1975 and continued until January 17, 1975. At said hearing, the Plaintiffs introduced in evidence an affidavit of Jack Richards who was an officer in the corporation which purchased the aircraft involved in this action from Defendant pursuant to a Purchase Agreement dated September 16, 1968, and which was extended by an Extension Agreement dated March 9, 1970. In said affidavit, Richards stated that a party identified as being the director of sales for Defendant came to Oklahoma City, Oklahoma for a period of three or four days while negotiating and finalizing the sale of the aircraft in question. He further stated that he delivered the down payment to Defendant's agent in Oklahoma City and further that affiant signed said Purchase Agreement in Oklahoma City, Oklahoma. Plaintiffs also introduced copies of various documents concerning correspondence and other dealings between the purchaser and Defendant relating to said Purchase Agreement, payments made thereunder and delivery of the titles to the aircraft purchased after payment was received. Plaintiffs also note that the Purchase Agreement allowed the purchaser to move the aircraft from Nevada to Oklahoma for storage. The facts as developed in the case indicate however, that this was not accomplished as to the aircraft involved in the crash.

Plaintiffs assert that they rely on the provisions of 12 Oklahoma Statutes 1971 § 1701.3 to establish jurisdiction over Defendant in this case. They claim that subparagraphs (a)(2) separately and (a)(1) and (7) combined establish such jurisdiction. The relevant portions of said Statute provide:

"(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action or claim for relief arising from the person's:

(1) transacting any business in this state;

(2) contracting to supply services or things in this state;

\* \* \* \* \* \*

(7) maintaining any other relation to this state or to persons or property including support for minor children who are residents of this state which affords a basis for the exercise of personal jurisdiction by this state consistently with the Constitution of the United States."

Plaintiffs contend they have established facts to show that Defendant has had contact with the State of Oklahoma sufficient to bring it within the jurisdiction of the Oklahoma Courts pursuant to subsections (a)(1) and (a)(7). They urge that such contacts satisfy the due process requirements of "minimum contacts" as established in *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); and *McGee v. International Life Ins. Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). Plaintiffs cite *Hines v. Clendenning,* 465 P.2d 460 (Okla.1970) wherein the Court stated:

" . . . it was the intention of our legislature to extend the jurisdiction of the Oklahoma courts over nonresidents to the outer limits permitted by the due process requirements of the United States Constitution."

Plaintiffs also call to the Court's attention the case of *Yankee Metal Products Company v. District Court,* 528 P.2d 311 (Okla. 1974).

The Plaintiffs urge as a second proposition that the Defendant has contracted to supply services and things within the State of Oklahoma subjecting itself to jurisdiction under the Oklahoma "Long Arm" Statute.

Defendant contends it did not contract to supply services or things in the State of Oklahoma. It relies on the Purchase Agreement of September 16, 1968 and the Extension Agreement of March 9, 1970. The Defendant further contends that it

does not maintain any other relation to the State of Oklahoma or to persons or property which affords a basis for the exercise of personal jurisdiction by this state consistent with the Constitution of the United States. It cites *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) as interpreted in *Architectural Bldg. Components Corp. v. Comfort,* 528 P.2d 307 (Okla.1974). The last proposition set out by Defendant is that the claims of Plaintiffs do not present a cause of action or claim for relief arising from any of the sub-sections of Title 12 Oklahoma Statutes 1971 § 1701.03.

In this Court's Order of December 23, 1974, it was noted that the Courts of Oklahoma have held that jurisdiction based on these statutes must be based on activities giving rise to the cause of action or claim asserted. Only Defendant has met this threshold point in its brief. This matter will be considered first by the Court for the reason that the asserted or alleged contacts with this jurisdiction must be based on these activities.

This very issue was considered in *George v. Strick Corporation,* 496 F.2d 10 (Tenth Cir. 1974) wherein Judge Murrah stated:

> "Since plaintiffs relied exclusively on § 1701.03, the validity of service of process must depend upon the application of that statute as interpreted by the Oklahoma courts.

> \* \* \* \* \* \*

> Assuming arguendo that Strick's sales of trailers to Lee Way constituted the 'transacting [of] any business' within the State of Oklahoma, the threshold and we think decisive issue is whether § 1701.03 requires that the asserted cause of action arise from Strick's activities within the state. We are of the opinion that this section of the statute as authoritatively interpreted by *Cresent Corporation v. Martin,* 443 P.2d 111, 113 (Okl.1968), clearly does require that the cause of action arise from activities within the state and affirm the judgment."

The Court in *George v. Strick Corporation, supra,* considered the very same argument raised in the instant case [1] in regard to the holding in *Hines v. Clendenning, supra,* and *Vemco Plating, Inc. v. Denver Fire Clay Company,* 496 P.2d 117 (Okl.1972) wherein it is stated by Judge Murrah:

> ". . . In light of such clear legislative intent we think the cited language in *Vemco* and *Hines* means simply that § 1701.03 authorizes *in personam* jurisdiction to the outer limits of due process *when and only when the asserted cause of action arises from the defendant's activities within the state.* Consistent with this interpretation, the most recent Oklahoma Supreme Court case construing §§ 187 and 1701.01 et seq., has noted that the statutes are jurisdictionally the same and quotes from *Crescent* to the effect that 'it must also appear from the record that plaintiff's cause of action arises out of or is based upon the same acts of defendant alleged to confer jurisdiction *in personam* of said defendant under the cited statute.' *Precision Polymers, Inc. v. Nelson,* 512 P.2d 811 (Okl.1973)." (Emphasis supplied).

The acts relied upon by Plaintiffs in this action relating to activities of Defendant in this state involve the sale of the aircraft which crashed by Defendant to Jack Richards Aircraft Company, Inc. The question must be answered as to whether the Oklahoma Courts would consider the instant case, generally known as a products liability action, as arising from this sale. Defendant contends that the instant case does not arise from the sale of the aircraft, but arises from the crash occurring at a later time. It urges that the instant action sounds in tort, not in contract. It asserts that Defendant's acts allegedly giving rise to Plaintiffs' claims herein arise from maintenance of the aircraft in Nevada prior to the sale. It contends that the facts giving rise to all theories of liability asserted by Plaintiffs in this products liability action occurred in Nevada or a State other than Oklahoma.

---

1. The attorneys for Plaintiffs herein were attorneys for appellants in said case.

Plaintiffs assert that the case of *Doyn Aircraft Inc. v. Wylie,* 443 F.2d 579 (Tenth Cir. 1971) involves fact situations similar to the case now before this Court. An examination shows it is similar relative to negotiations involved in the parties entering into a contract. However, in *Doyn,* the action upon which jurisdiction was found to be proper was for breach of contract. It was not a products liability action by parties not in privity to said contract. Other cases relied upon by Plaintiffs seem to involve actions on contracts.

In *Sumners v. Continental Copper & Steel Industries, Inc.,* 445 F.2d 141 (Tenth Cir. 1971) the Court stated:

"As noted by the trial court, amenability of this foreign corporation to the diversity suit in the federal court is determined in accordance with the law of the State where the federal district court sits."

The Oklahoma Supreme Court has recently rendered several decisions on products liability cases which should be considered in determining the origin and nature of such actions.

In *Kirkland v. General Motors Corporation,* 521 P.2d 1353 (Okla.1974) the Court found the origin and nature of a products liability action to be as follows:

"We are persuaded that the limitation period to be applied in products liability actions is two (2) years, 12 O.S.1971 § 95 'Third', for we recognize the tortious origin and nature of the single cause of action, *Williams v. Ford Motor Company,* Mo.App., 454 S.W.2d 611 (1970). The essential nature of an action based on products liability is an action for injury to personal property or for injury to the rights of another. The action thus being primarily tortious in nature must be governed by 12 O.S.1971 § 95 'Third', and, as other such causes of action in tort, limitations should begin to run from the date of injury. We are not unmindful of the limitation and requirement in 12A O.S. 1971, 2–318, 12A O.S.1971, 2–607(3), and 12A O.S.1971, 2–725, but the reason for their non-application in strict liability sit-uations is stated in 2 Restatement of the Law, Torts 2d § 402A, comment m:"

The Court in *Kirkland, supra,* went into the background and development of products liability actions in great depth. Its discussion included the following statement:

"Since we adopt the theory of manufacturers' products liability, we should further define this theory to eliminate the fictions and adaptations that have developed in connection with products liability evolution. In a great many American jurisdictions, a Plaintiff may seek relief in products liability actions by using the theories of negligence, breach of warranty or strict liability in tort, 63 Am.Jur.2d Products Liability, § 4 and § 206, et seq.

"The guise of warranty was effectively disposed of in *Greenman v. Yuba Power Products, Inc.,* supra [59 Cal.2d 57, 27 Cal.Rptr. 697, 377 P.2d 897] by defining the theory of strict liability therein adopted as being founded in tort rather than contract, grounded in the policy of protection of the consumer. In this opinion, we have pointed out why this Court should distinguish the liability of the manufacturer for a defective product from any liability that is contractual in nature, and support that distinction by quoting a portion of the Restatement of the Law, Torts 2nd, § 402A, comment m, and arguments put forth by the California court in the *Greenman* case, supra. Thus we conclude, notwithstanding the interpretation placed on the *Marathon* case, supra [*Marathon Battery Company v. Kilpatrick,* Okl., 418 P.2d 900 (1965)], and prior authorities of this jurisdiction (see footnote 5) that *breach of implied warranty* is no longer an appropriate remedy for recovery in products liability actions except as provided in the Uniform Commercial Code. See also *Moss v. Polyco, Inc.,* 45 OBJ ——, together with the citations and arguments therein contained." (Emphasis supplied).

The Oklahoma Supreme Court decided *Moss v. Polyco, Inc.,* 522 P.2d 622 (Okla. 1974) on the same date its final decision in

*Kirkland, supra,* was issued and was intended to complement *Kirkland, supra.* Among the points considered and gone into in depth in the *Moss, supra,* decision, was the nature of a products liability action. The Court stated:

> "We are of the view that the trial court's apparent conclusion that this action is not one arising upon contract but is one based upon an alleged tortious wrong committed by the defendants is correct, and that the two year statute of limitations bars the action."

In *Moss, supra,* the Court discussed possible breach of warranty cases which might arise under the Uniform Commercial Code. Its discussion in this regard included the following:

> "We believe that the statutory implied warranty sections of the UCC are not applicable in this case. The UCC has to do with commercial transactions (12A 1971, § 1–102) and presupposes a buyer in privity with a seller, the concept being extended only as provided by the Legislature. The plaintiffs are, by the express terms of the statutory scheme in § 2–318, beyond the scope of the statutory warranty protection. This is in accord with other case law elaboration. *Klimas v. International Telephone and Telegraph Corp.* (D.C., R.I., 1969), 297 F.Supp. 937. Warranty recovery applies to loss flowing from the commercial transaction. The UCC parallels the doctrine of strict liability in tort, but the two should not be confused with each other. *Caruth v. Mariani,* (1970), 11 Ariz.App. 188, 463 P.2d 83; *Beauchamp v. Wilson,* (1973), 21 Ariz.App. 14, 515 P.2d 41. The plaintiffs' action falls within the tort category, and since the aforesaid policy reasons for recognizing the doctrine of Manufacturers' Products Liability are met by that doctrine, we perceive no good reason for extending UCC provisions beyond commercial transactions, those injuries—including personal—that flow from such transactions, and as specifically provided by the Legislature."

In the instant case, the Plaintiffs are not in privity with Defendant as a seller of the aircraft which crashed. They do not fall into that class of persons designated in 12A Oklahoma Statutes 1971 § 2–318 [2] relating to third party beneficiaries of warranties under the U.C.C. Moreover, the Purchase Agreement of September 16, 1968 contains provisions excluding and negating warranties which would arise under the U.C.C. pursuant to 12A Oklahoma Statutes 1971 § 2–316.

Another decision rendered along with *Kirkland, supra,* is *O'Neal v. Black & Decker Manufacturing Company,* 523 P.2d 614 (Okla.1974) which states:

> "The effect of our holding in *Kirkland* renders it unnecessary in a products liability action to consider a recovery based on 'implied warranty.' Such theory of recovery has been merged into manufacturers' products liability as shown in *Kirkland;* and, we also decided in that recent case that the statute of limitations to be applied to manufacturers' products liability is 12 O.S. 1971 § 95, 'third'—two years from the date of injury. Thus both negligence recovery and manufacturers' products liability are governed by the same statute of limitations."

*Kirkland, supra,* was followed and cited in *Nichols v. Eli Lilly & Co.,* 501 F.2d 392 (Tenth Cir. 1974) [3] in which the following quote (already quoted in the instant order) from *Kirkland, supra,* was made:

> " 'We are persuaded that the limitation period to be applied in products liability actions is two (2) years, 12 O.S.1971 § 95 "Third", for we recognize the tortious

---

**2.** 12A Oklahoma Statutes 1971 § 2–318 provides:

"A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by a breach of the warranty. A seller may not exclude or limit the operation of this section."

**3.** *Kirkland, supra,* was the basis for the Court's decision in *Sterner Aero AB v. Page Airmotive, Inc.,* 499 F.2d 709 (Tenth Cir. 1974).

origin and nature of the single cause of action, * * *.' "

Although the issue in these recent Oklahoma decisions as to the origin and nature of products liability actions related to the applicable statute of limitations, the findings as to the origin and nature of such actions would be just as applicable to the issue herein as to a determination of the origin and nature of a cause of action or claim for relief. The holdings of the Oklahoma Courts are clear that products liability actions have a tortious origin and they arise from the injury itself. In the instant case, the Plaintiffs' causes of action or claims for relief arise from the crash of the aircraft when the injuries or deaths occurred and Plaintiffs' products liability action is tortious in origin. This action does not arise from the sale of the aircraft by Defendant to Jack Richards Aircraft Company, Inc. on September 16, 1968. The contacts Plaintiffs claim Defendant had with the State of Oklahoma all relate to this sale of the aircraft. The crash of the aircraft did not arise from such contacts.

The burden is on Plaintiffs to plead and prove the existence of jurisdiction when they seek to invoke the jurisdiction of the Courts of a particular State to include the Federal Courts herein. *Wilshire Oil Company of Texas v. Riffe*, 409 F.2d 1277 (Tenth Cir. 1969).

Defendant's Motion to Dismiss based on an assertion this Court lacks jurisdiction in personam is sustained as the record before the Court does not establish that Defendant's activities within the state of Oklahoma gave rise to the Plaintiffs' asserted claims for relief or causes of action in accordance with the interpretations of the Oklahoma Courts of the Oklahoma long arm statutes as set out in *Crescent Corporation v. Martin, supra*, and *Precision Polymers, Inc. v. Nelson, supra*, and the recognition of such interpretations in *George v. Strick Corporation, supra*, by the Tenth Circuit Court of Appeals. Plaintiffs' action should be dismissed for lack of jurisdiction over the Defendant with reference to Plaintiffs' causes of action.