**Hoy F. LYON, Plaintiff,**

v.

**James L. JUHL, an Individual; Lyle H. Tufty, an Individual; Universal Manufacturing Co., an Iowa Corporation; Universal Industries, Inc., an Iowa Corporation; and Gail G. Bonneson, an Individual, Defendants.**

**No. CIV–76–0087–D.**

United States District Court, W. D. Oklahoma.

Dec. 8, 1976.

See also, D.C., 451 F.Supp. 441.

D. Chad Ransdell, John M. Merritt, Oklahoma City, Okl., for plaintiff.

K. David Roberts, Tom L. King, Oklahoma City, Okl., for defendants Juhl, Tufty, Universal Manufacturing Co. and Universal Industries, Inc.

Steven E. Clark, Oklahoma City, Okl., for defendant Bonneson.

## ORDER

DAUGHERTY, Chief Judge.

This is a personal injury action in which Plaintiff alleges he sustained injuries while operating a self-propelled loader manufactured by J. I. Case Co. Said manufacturer is not joined in this action. Defendants are alleged to have designed and patented the machine and thereafter granted a license to the manufacturer to produce same. It is urged Plaintiff's injuries were sustained August 21, 1972 as a result of alleged design defects in the machine. Plaintiff appears to proceed under all three theories for liability recognized under Oklahoma law in products liability actions.[1]

---

1. Said theories recognized in *Kirkland v. General Motors Corporation*, 521 P.2d 1353 (Okl. 1974) include a theory designated as Manufacturer's Products Liability, negligence, and breach of implied warranty. The Oklahoma Supreme Court in *Kirkland, supra,* and in another case decided at the same time, *Moss v. Polyco, Inc.,* 522 P.2d 622 (Okl.1974) noted breach of implied warranty is no longer an appropriate remedy in products liability actions

Plaintiff caused process to issue as to all Defendants. Defendant Bonneson individually was not served and the summons issued to him has been returned noting he was not found. Defendant Universal Manufacturing Co. was served by service upon Leon Skubinna, noted to be Vice President.

All Defendants except Defendant Bonneson (not served) have filed a Motion to Dismiss pursuant to Rule 12(b), Fed. Rules Civ.Proc. in which they contend the Court lacks in personam jurisdiction. Plaintiff after obtaining numerous extensions of time to Respond to said Motion to Dismiss has filed a Brief in Opposition to Motion to Dismiss. Affidavits by Defendants Juhl, Tufty, and on behalf of Defendants Universal Manufacturing Co. and Universal Industries, Inc. have been filed in support of the Motion. Plaintiff has filed several documentary exhibits in connection with his Response Brief. The Court determines that said affidavits and exhibits should be considered as evidence on the question of jurisdiction in order to determine the facts as they exist. *Schramm v. Oakes,* 352 F.2d 143 (Tenth Cir. 1965). The Court determines that sufficient evidence has been submitted by the parties to rule on the instant Motion to Dismiss and in its discretion determines an evidentiary hearing on said Motion is not necessary.

The burden is on Plaintiff to plead and prove the existence of jurisdiction when he seeks to invoke the jurisdiction of the Courts of a particular State to include the Federal Courts therein. *Wilshire Oil Company of Texas v. Riffe,* 409 F.2d 1277 (Tenth Cir. 1969). State law is controlling rather than Federal law when non-residents are subjected to the Courts of a particular state. *Id.; Walker v. General Features Corp.,* 319 F.2d 583 (Tenth Cir. 1963).

The issues to be considered in determining if jurisdiction is present is whether Defendants are subjected to the jurisdiction of the Oklahoma Courts pursuant to the duplicitous "long arm" statutes found in 12 Oklahoma Statutes 1971 §§ 187 and 1701.03. The Courts of Oklahoma have held that jurisdiction based on these statutes must be based on activities giving rise to the cause of action or claim asserted. *Crescent Corporation v. Martin,* 443 P.2d 111 (Okl.1968); *Precision Polymers, Inc. v. Nelson,* 512 P.2d 811 (Okl.1973). The record in the instant case fails to disclose with particularity which "long arm" statute or which provision or provisions thereof Plaintiff relies upon. The Complaint fails to set out facts which would justify subjecting Defendants to the jurisdiction of the Oklahoma Courts. However, such defect appears to be amendable pursuant to 28 U.S.C. § 1653 and the Court will assume Plaintiff's burden for the purposes of this Motion and grant him every reasonable presumption upon which he could attempt to establish such jurisdiction. In this regard, Plaintiff sets out two propositions in his Brief which have some vague connection with certain provisions of the Oklahoma "long arm" statutes. In his First Proposition, Plaintiff appears to assert that the Oklahoma Statutes have eliminated the test of actually doing business within the state or deriving substantial income from the state. In this regard, Plaintiff apparently argues that the Court should indulge in the fiction that because he was injured in Oklahoma, it should be found Defendants committed a tortious act in Oklahoma thereby invoking the provisions of 12 Okl. Stat. § 1701.03, subsection (a)(3). Said theory is not supported by any Oklahoma authority and is contrary to Oklahoma statutory law and the Court finds same to be frivolous and not worthy of further consideration. In his Second Proposition, Plaintiff asserts alternatively that he should be permitted to substitute Gayle Bonneson[2] as a party Defendant in place of Defendant Universal Manufacturing Co. and determine that said Defendant by virtue of owning shares of stock in the J. I. Case Co. has derived sufficient revenue to invoke the

except in commercial transactions. The Court doubts the instant action is a proper case for such remedy.

2. Gayle Bonneson was a named party Defendant in Plaintiff's Complaint. But he has not been served.

provisions of 12 Okla.Stat.1971 § 1701.03, subsection (a)(4).

An examination of the facts which do not appear to be in dispute [3] discloses the Defendants' relation to the product which Plaintiff alleges caused his injuries to be as follows: (1) The individual Defendants Juhl and Tufty designed or invented the machine known as a "Uni-loader" while employed by Defendant Universal Manufacturing Co. and all rights to said design or invention were assigned to their employer to include patent rights; (2) Universal Manufacturing Co.[4] was an Iowa corporation which transferred its assets and liabilities to Universal Industries, Inc., another Iowa corporation, on or about June 29, 1968 and the latter corporation continues in existence as the successor to Universal Manufacturing Co.; (3) On or about February 19, 1969, Universal Industries, Inc. transferred all rights to the "Uni-loader" product line to Gail Bonneson, individually; and (4) On or about February 28, 1969 Bonneson individually transferred such rights to the J. I. Case Company. It does not appear to be disputed that the transfer from Universal Industries, Inc. to Bonneson individually was made in contemplation of the individual sale to the J. I. Case Company and that Bonneson was the sole shareholder and President of said corporation. It is also apparent that Bonneson individually received a substantial cash sum as well as a large number of shares of stock in the J. I. Case Company as a result of selling the manufacturing, patent, and other rights to the "Uni-loader" machine to Case. The date the machine in question was manufactured is not disclosed, but as Plaintiff asserts it was manufactured by J. I. Case it is presumed same was manufactured after the rights to manufacture same were transferred from Bonneson to J. I. Case.

The moving Defendants assert they have not had the minimum contacts with the State of Oklahoma to subject them to the Courts herein in accordance with the due process provisions of the Fourteenth Amendment to the United States Constitution, as interpreted in the landmark case of *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *McGee v. International Life Ins. Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); and *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Plaintiff in his Response has wholly ignored this critical issue.

The long arm jurisdictional provisions of the Oklahoma law which are relied upon by Plaintiff and codified as 12 Oklahoma Statutes 1971 § 1701.03 provide in applicable part:

"(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action or claim for relief arising from the person's:

\*     \*     \*     \*     \*     \*

"(3) causing tortious injury in this state by an act or omission in this state;

"(4) causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state;"

Another provision which is normally applicable in product liability cases is found in 12 Oklahoma Statutes 1971 § 187 which provides in applicable part:

"(a) Any person, firm, or corporation other than a foreign insurer licensed to do business in the State of Oklahoma whether or not such party is a citizen or resident of this State and who does, or who has done, any of the acts hereinafter enumerated, whether in person or

---

**3.** Plaintiff has not countered the facts set out in the Affidavits filed by Defendants and has generally incorporated all such facts in his Brief filed in Opposition to the instant Motion.

**4.** A dispute may exist as to the business status of Universal Manufacturing Co. following said

transfer. The Court finds same has no bearing on the issues necessary for consideration of the instant Motion. It is considered to be a dissolved Iowa corporation for the purposes of this Motion.

through another, submits himself, or shall have submitted himself, and if an individual his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising, or which shall have arisen, from the doings of any of said acts:

\*   \*   \*   \*   \*   \*

"(3) the manufacture or distribution of a product which is sold in the regular course of business within this STATE and is used within this STATE,"

In considering the statutory provisions set out above, the facts indicate that all acts relative to the design of the machine upon which Plaintiff alleges to have sustained injuries were committed outside the State of Oklahoma. The facts further indicate that the machine was manufactured by J. I. Case Company and not by any Defendant herein.[5] The Court determines none of the moving Defendants are subject to the in personam jurisdiction of this Court pursuant to 12 Oklahoma Statutes 1971 § 187 or pursuant to Subsection (a)(3) of 12 Oklahoma Statutes 1971 § 1701.03. It remains to be considered whether any moving Defendant may be subjected to the Courts of Oklahoma in this action pursuant to Subsection (a)(4), *supra.*

In considering Subsection (a)(4), *supra,* Plaintiff in his Response admits that only Defendant Bonneson individually would appear to derive substantial revenue from the sale of products sold in Oklahoma by virtue of his ownership of shares of stock in J. I. Case Company.[6] Plaintiff has failed to counter facts set out in affidavits submitted by moving Defendants Juhl individually, Tufty individually, or Universal Industries, Inc. that none of them derive substantial revenue from the sale of goods or products sold in Oklahoma. It would appear that the statement contained in the affidavit by a Vice-President of Defendant Universal Industries, Inc. that Defendant Universal Manufacturing Co. has been dissolved and all assets and liabilities assumed by Universal Industries, Inc. would also suffice to state that the predecessor dissolved corporation does not derive such revenue. The Court finds Plaintiff has failed to establish that any moving Defendant is subject to the long arm jurisdiction of the Oklahoma Courts. The action is therefore dismissed as to Defendants James L. Juhl, an individual; Lyle H. Tufty, an individual; Universal Manufacturing Company, an Iowa corporation; and Universal Industries, Inc., an Iowa corporation.

Plaintiff is directed to cause process to issue for Defendant Bonneson within 10 days of this date or the action will be dismissed as to said Defendant for failure of Plaintiff to prosecute the same against said Defendant.

It is so ordered this 8 day of December, 1976.

---

5. In *Kirkland v. General Motors Corporation, supra* the Court stated:

"We would include in the definition of manufacturer—processors, assemblers, and all other persons who are similarly situated in processing and distribution."

6. Whether said Defendant owned such shares at the time the instant cause of action accrued is not disclosed by the record in this case.