IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 11, 2009 Session

## SCOTT SUTTON, ET AL. v. STOLT-NIELSEN TRANSPORTATION GROUP, LTD., ET AL.

### Direct Appeal from the Circuit Court for Cocke County
No. 28,713-II     Richard Robert Vance, Judge

No. E2008-01033-COA-R3-CV - FILED FEBRUARY 27, 2009

In 2004, Plaintiff filed a class action lawsuit alleging that Defendants had engaged in a price-fixing conspiracy in the State of Tennessee. Defendants filed a motion to dismiss citing two defenses: lack of personal jurisdiction and failure to state a claim. The trial court granted the motion for failure to state a claim but explicitly declined to rule on the jurisdictional question. Defendants have not waived their personal jurisdiction defense. On appeal, Defendants ask that we consider the jurisdictional question only if we first find for Plaintiff on the substantive issue. Because we find that jurisdiction is a prerequisite of an adjudication on the merits, we vacate the trial court's order of dismissal, and remand to the trial court for consideration of Defendants' personal jurisdiction defense.

### Tenn. R. App. P. 3 Appeal as of Right,  Judgment of the Circuit Court Vacated and Case Remanded

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P. J., and D. MICHAEL SWINEY, J., joined.

Gordon Ball, Knoxville, TN, for Appellant, Scott Sutton, et al

W. Kyle Carpenter, Tony R. Dalton, Knoxville, TN, J. Mark Gidley, Christopher M. Curran, Peter J. Carney, Washington, D.C. for Appellee, Stolt-Nielsen Transportation Group, Ltd and Stolt-Neilsen S.A., Jimmie C. Miller, Kingsport, TN, Richard J. Rappaport, Amy B. Manning, Angelo M. Russo, for Appellee Jo Tankers BV and Jo Tankers, Inc.; John A. Lucas, Knoxville, TN, Steven F. Cherry, Leon B. Greenfield, Gordon Pearson, Washington D.C., for Appellee Odfjell ASA, Odfjell Seachem AS and Odfjell USA Inc.; and Andrew L. Colocotronis, Knoxville, TN, Keith Dubanevich, Portland, OR for Tokyo Marine Co., Ltd

**OPINION**

Background

This appeal arises from an agreed order entered by the trial court dismissing the action for failure to state a claim. Scott Sutton ("Plaintiff"), on behalf of himself and all others similarly situated in the State of Tennessee, initiated this class action lawsuit in Cocke County Circuit Court on January 7, 2004. The Complaint alleged that the named Defendants, who were in the business of shipping liquid chemicals, had engaged in a price-fixing conspiracy. Plaintiff sought monetary relief for four separate claims: violation of the Tennessee Trade Practices Act, violation of the Tennessee Consumer Protection Act, unjust enrichment, and for money had and received. Defendants first removed the case to federal district court, but the matter was remanded to the Circuit Court on May 27, 2004.

Prior to filing an Answer, Defendants filed a motion to dismiss Plaintiff's Complaint pursuant to Tenn. R. Civ. P. 12.02(2), for lack of personal jurisdiction, and pursuant to Tenn. R. Civ. P. 12.02(6), for failure to state a claim. Defendants and Plaintiff submitted briefs to the trial court on each defense. Defendants also filed several affidavits in support of the motion to dismiss for lack of personal jurisdiction. On February 25, 2008, Plaintiff, pursuant to Tenn. R. Civ. P. 41.01(1), took a voluntary nonsuit of the claim under the Tennessee Consumer Protection Act.

On April 18, 2008, the trial court entered the parties' Agreed Order, dismissing Plaintiff's three remaining claims. The dismissal was based on Defendants' 12.02(6) defense for failure to state a claim. With respect to the 12.02(2) defense for lack of personal jurisdiction, the trial court declined to rule, stating:

> [A]s requested by Plaintiff, this Court defers ruling on Defendants' Motion to Dismiss for lack of personal jurisdiction at this time, as the Complaint is being dismissed on alternative grounds (this ruling is without prejudice to the Defendants' right to contest personal jurisdiction over them in any appeal or any other proceedings in this matter).

Plaintiff timely filed a notice of appeal on May 14, 2008.

On appeal, Plaintiff raises two issues, both alleging error in the trial court's ruling on the substantive claims. In response, Defendants ask that we uphold the trial court's substantive ruling, or alternatively, determine that the trial court lacked personal jurisdiction.

Law and Analysis

The first issue before us is procedural: whether the trial court erred by granting dismissal for failure to state a claim without first addressing Defendants' personal jurisdiction defense. Defendants have not waived their personal jurisdiction defense, which was properly raised in their

pre-Answer motion to dismiss. On appeal, Defendants ask that we address their personal jurisdiction defense only if we first find for Plaintiff on the substantive issue.

A dismissal for failure to state a claim under Tenn. R. Civ. P. 12.02(6) is an adjudication on the merits. *Boyd v. Prime Focus, Inc.*, 83 S.W.3d 761, 766 (Tenn. Ct. App. 2001). A dismissal for lack of personal jurisdiction does not operate as an adjudication on the merits. Tenn. R. Civ. P. 12.02(2); Tenn. R. Civ. P. 41.02(3). Generally, a court must have both personal and subject matter jurisdiction in order to adjudicate a claim on the merits. *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1974). The question then is one of timing: when facing a motion to dismiss pursuant to both 12.02(2) and 12.02(6), must the trial court address the 12.02(2) defense first?

We have not found any Tennessee authority on this question, but federal courts have addressed it in the context of Fed. R. Civ. P. 12(b)(2) and 12(b)(6), the federal counterparts to 12.02.(2) and 12.02(6). In *Arrowsmith v. United Press Int'l*, 320 F.2d 219 (2d Cir. 1963), the district court dismissed plaintiff's action for failure to state a claim without addressing defendant's personal jurisdiction defense. *Id*. at 221. Judge Friendly, writing for the appellate court, remanded, finding that the district court must first decide the jurisdictional question:

> Not only does logic compel initial consideration of the issue of jurisdiction over the defendant- a court without such jurisdiction lacks power to dismiss a complaint for failure to state a claim- but the functional difference that flows from the ground selected for dismissal likewise compels considering jurisdiction and venue questions first. A dismissal for lack of jurisdiction or improper venue does not preclude a subsequent action in an appropriate forum, whereas a dismissal for failure to state a claim upon which relief can be granted is with prejudice. We shall therefore vacate the judgment dismissing the complaint for failure to state a claim on which relief can be granted and remand the case for consideration of the issue of jurisdiction over the person of the defendant and, in the event that this be found, the issue of venue, prior to consideration of the merits.

*Id.*; see also, *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1089 (10th Cir. 1998) ("Because a court without jurisdiction over the parties cannot render a valid judgment, we must address Defendants' personal jurisdiction argument before reaching the merits of the case."); *Nw. Nat'l Cas. Co. v. Global Moving & Storage, Inc.*, 533 F.2d 320, 323 (6th Cir. 1976) (holding that the trial court erred by entering a judgment in favor of a defendant before determining that it had the requisite personal jurisdiction); *Bruce v. Fairchild Indus., Inc.*, 413 F.Supp. 914, 916 (D.C. Okl. 1975) ("When a Motion to Dismiss is urged based on lack of personal jurisdiction, such Motion must be passed on by the Court prior to considering any Motions going to the merits of the case...."); 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1351 (2008).

Subsequent federal decisions have created an exception to the general rule described in *Arrowsmith*. A court may address the substantive defense first if the jurisdictional question is difficult and a decision on the merits would favor the party challenging jurisdiction. *Logan Farms*

*v. HBH, Inc.*, 282 F.Supp.2d 776, 785 (S.D. Ohio 2003); see also, ***Cameron v. Thornburgh***, 983 F.2d 253, 257 n. 5 (D.C. Cir. 1993) (addressing the substantive defense prior to jurisdiction and venue for the sake of judicial expediency). Defendants also have the option of waiving a personal jurisdiction defense so that the court can address a defense for failure to state a claim. See ***Doe v. SexSearch.com***, 551 F.3d 412, 416 (6th Cir. 2008). Defendants in the present case, however, have not agreed to waive their 12.02(2) defense.

Following the general rule of ***Arrowsmith***, we vacate the trial court's order of dismissal and remand for consideration of the jurisdictional question. We do so for two interrelated reasons. First, we are concerned about the validity of an order affecting a defendant over which the court may not have jurisdiction. For a future claim to be precluded by *res judicata*, the court entering the initial order of dismissal must have been of competent jurisdiction. ***Lee v. Hall***, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990). Accordingly, the adjudication in the present case might not operate as a bar to future claims because the jurisdictional question was never resolved. Second, for the sake of judicial economy, we think that the trial court should determine jurisdiction first so that we, as a reviewing court, can consider the full range of issues at the same time. We understand the parties' desire for an authoritative answer on the substantive question, but decline to render an advisory opinion on this issue. Were a subsequent court to find that jurisdiction over these defendants is lacking, any opinion by this Court on the substantive issue would be of dubious authority.

As an alternative, Defendants suggest that we rule on the jurisdictional question even though the trial court has not addressed it. Generally, a prevailing party may assert an alternative ground in support of a judgment even if that ground was not considered by the trial court. Tenn. R. App. P. 13(a); ***Airline Prof'ls Ass'n of Int'l Bhd. of Teamsters, Local Union No. 1224 v. Airborne, Inc.***, 332 F.3d 983, 986 n.3 (6th Cir. 2003). In the present case, however, we do not believe that the record is sufficiently developed for a *de novo* ruling on the jurisdictional issue. Plaintiff has requested, both at the trial level and on appeal, the opportunity to conduct limited jurisdictional discovery. We have no opinion on the propriety of this request but think it is best handled by the trial court initially.

Accordingly, we vacate the order of dismissal, and remand to the trial court for consideration of Defendants' 12.02(2) personal jurisdiction defense. In doing so we do not address the merits of either the jurisdictional or substantive issues presented. This case is dismissed with costs assessed equally to the parties.

 

_____
J. STEVEN STAFFORD, J.