The FEDERAL NATIONAL BANK & TRUST CO. OF SHAWNEE, a National Banking Association, Plaintiff,

v.

Winfield MOON and Theolene Moon, husband and wife, Defendants.

Civ. No. 75–0760–D.

United States District Court,
W. D. Oklahoma,
Civil Division.

Feb. 24, 1976.

Richard L. Bohanon, Oklahoma City, Okl., for plaintiff.

Dewayne N. Morris, Birmingham, Ala., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff is a National Bank with its principal place of business in Shawnee, Oklahoma. Defendants are citizens and residents of the State of Alabama. The instant action arises from Defendants having guaranteed a loan obtained by a corporation from an Oklahoma lending company. The note and guarantee in question have been assigned to Plaintiff which brings this action against the guarantors for the balance due on said debt after the corporate borrower has defaulted and in fact has been adjudi-

cated a bankrupt. In its Complaint, Plaintiff asserts Defendants have transacted business in Oklahoma, have contracted to pay debts in this State and further have committed acts within the State of Oklahoma in relation to the claim herein so as to subject Defendants to the jurisdiction of the Oklahoma Courts pursuant to 12 Oklahoma Statutes §§ 187 and 1701.03 commonly known as the "long-arm" statutes.

Defendants have filed separate Motions to Quash in which they assert they are not subject to the in personam jurisdiction of this Court. Motions to Quash are improper in Federal practice and same will be considered Motions to Dismiss for lack of in personam jurisdiction pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure. *Product Promotions, Inc. v. Cousteau*, 495 F.2d 483 (Fifth Cir. 1974). Both Movants by their verified Motions [1] state the entire transaction was negotiated in Alabama and the documents were delivered to Oklahoma by an agent of the lending company. Defendant Theolene Moon also asserts she was never in Oklahoma in connection with the transaction. Defendants recognize the applicability of the Oklahoma long-arm statutes but assert they have not transacted business in Oklahoma in connection with the loan and guaranty agreement which gives rise to the instant action.

Plaintiff in its Response contends the loan was closed in Oklahoma and Defendant Winfield Moon delivered the closing papers to Oklahoma and received the loan proceeds in Oklahoma. It asserts this Defendant was acting as agent for his Co-Defendant in the transaction. It attaches an affidavit by the officer or agent of the lending company in support of such factual contention. Plaintiff argues that the totality of contacts involved with the State of Oklahoma subject Defendants to the jurisdiction of the Oklahoma courts.

For the purposes of considering the instant Motion, the Court finds that it will accept all facts alleged by the Defendants as true.[2] These include: (1) That negotiations for the loan guaranteed by Defendants were conducted in Alabama; (2) That Defendant Theolene Moon never came to the State of Oklahoma in connection with the loan in question; and (3) The documents were executed in the State of Alabama. The parties are correct that in diversity cases this Court looks to the Oklahoma long-arm statutes in determining whether it has in personam jurisdiction over non-residents. *Wilshire Oil Company of Texas v. Riffe*, 409 F.2d 1277 (Tenth Cir. 1969).

Plaintiff in its Response states it specifically relies on the provisions of 12 Oklahoma Statutes § 1701.03 which provide:[3]

"(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action or claim for relief arising from the person's:

(7) maintaining any other relation to this state or to persons or property . . . which affords a basis for the exercise of personal jurisdiction by this state consistently with the Constitution of the United States."

Said statute has been interpreted by the Oklahoma Supreme Court in *Vemco Plating, Inc. v. Denver Fire Clay Company*, 496 P.2d 117 (Okl.1972) as follows:

"As this statute was intended 'to extend the jurisdiction of Oklahoma courts over nonresidents to the outer limits permitted by the' United States Constitution's due process requirements and is to be construed 'to widen the constitutional

---

1. Verified pleadings are not required in Federal Practice. Rule 11, Federal Rules of Civil Procedure.

2. Plaintiff in its Response has asserted facts which indicate Defendant's contacts with Oklahoma are much stronger than Defendants admit. However, the Court is of the opinion that

the facts admitted by Defendants are sufficient to allow a determination of the issues raised in the instant Motions without resorting to an evidentiary hearing pursuant to *Schramm v. Oakes*, 352 F.2d 143 (Tenth Cir. 1965).

3. It also relies on other provisions of § 1701.03 and provisions of § 187.

bases upon which the courts of the states may exercise in personam jurisdiction consistent' with these requirements." [Citations omitted]

The "constitutional limits" in question are delineated in the landmark cases of *International Shoe Company v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); and *McGee v. International Life Insurance Company*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). The basic tests derived from said landmark cases include determining whether a nonresident's activities meet the "minimum contacts" rule established therein and the standards of "fair play and substantial justice." *Carmack v. Chemical Bank New York Trust Co.*, 536 P.2d 897 (Okl.1975).

■ In *Crescent Corporation v. Martin*, 443 P.2d 111 (Okl.1968) the Court stated:

"The question of application of the long-arm statute of necessity (if the same is to be accorded its full effect) depends on the totality of the contacts with Oklahoma."

The "totality of contacts within the state" doctrine was applied in *Carmack v. Chemical Bank New York Trust Co., supra*. What are Defendant's contacts with the State of Oklahoma in regard to the events giving rise to the instant litigation? One very dominant contact that appears to be present is that the Defendants guaranteed the payment of a loan made by an Oklahoma lending institution which has been assigned to another such institution also located in Oklahoma. Even if the negotiations for said loan were made in another state as contended by Defendants, the "source" of the money for the loan in question comes from the State of Oklahoma. It is the consummation of the loan process and not the negotiations for same which give rise to the instant action against the guarantors of said loan.

Although Defendant Winfield Moon in his Brief states he does not deny coming to Oklahoma in connection with the loan in question, Defendant Theolene Moon denies being present in Oklahoma for such purposes. In *Colorado-Florida Living, Inc. v. Deltona Corporation*, 338 F.Supp. 880 (D.Colo.1972) the Court stated in construing a long-arm statute very similar to the Oklahoma long-arm statutes as follows:

"It is not even necessary that defendant or his agent be physically present in the state for the purpose of transacting business. *Koplin v. Thomas, Haab & Botts*, 73 Ill.App.2d 242, 219 N.E.2d 646 (1966)."

In *O'Hare International Bank v. Hampton*, 437 F.2d 1173 (Seventh Cir. 1971) the Court stated:

"Personal jurisdiction over a non-resident defendant does not depend upon the physical presence of the defendant within the state. It is sufficient that the act or transaction itself has a substantial connection with the forum state." [Citations omitted]

In the instant case the Court determines that Defendant Theolene Moon's contention that she was never present in the State of Oklahoma in connection with the loan in question is not controlling on the question as to whether she has had sufficient contacts with the State of Oklahoma in regard to the loan in question to subject her to the jurisdiction of this Court.

In *O'Hare International Bank v. Hampton, supra*, the Court after an extended discussion of the standards applicable in determining the constitutional bounds in applying long-arm statutes stated:

"While the guarantors received no direct consideration, it appears there was inducement in connection with their projected interest in World Travelers for them to want eventual financing of the airplane to be purchased. They should not be in the position, even though indirectly, to enjoy the fruit but to disavow the situs of the tree from which the fruit was derived. The purchase money bore an Illinois badge sufficient with the other facts hereinbefore set out to constitute a prima facie showing of transacting business within the state of Illinois."

In the instant case, the note in question discloses that Defendant Winfield Moon was the President of the borrowing corporation.[4] The note upon which the guaranty agreement relates contains the following language:

> "The undersigned applied to the payee of this note in Oklahoma City, Oklahoma, to make this loan; this application for loan was approved by the payee in Oklahoma City, Oklahoma; all payments under the terms of the note are to be made in Oklahoma City, Oklahoma; and it is hereby agreed that this note and the indebtedness hereby secured, together with interest thereon, shall be governed by the laws of the State of Oklahoma."

The affidavit of the officer of the original lender states that it was a requirement of said lender that both Defendants execute the loan documents in question.

Considering the "totality of contacts" by Defendants in regard to the loan guaranty agreement giving rise to the instant action, it appears that same constitutes the maintenance of a relation to the State of Oklahoma which affords a basis for the exercise of personal jurisdiction by this Court consistent with the due process provisions of the United States Constitution. This determination is subject to reconsideration on request of Defendants when the case is heard on its merits. The Motions to Dismiss for lack of in personam jurisdiction by both Defendants is overruled.

Defendants are to file their Answers to the Complaint within twenty (20) days of this date.

---

4. The note appears to have also been executed by Defendant Winfield Moon individually while Defendant Theolene Moon's signature block on same as an individual was not executed. Both Defendants signed the guaranty agreement which is the basis for the instant action.