**904**

Jack P. LONGMIRE, and Agri-Marketing Associates, Inc., a corporation, Plaintiffs,

v.

SWEENEY AND BELL, INC., a corporation, Defendant.

No. CIV–75–0731–D.

United States District Court, W. D. Oklahoma.

May 19, 1976.

Jack R. Durland, Oklahoma City, Okl., for plaintiffs.

Clarence P. Green, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

The Court has under consideration the motion of Defendant to dismiss for lack of in personam jurisdiction over it. By response the Plaintiffs oppose the motion. Both parties have filed briefs in connection with the motion and the Court has conducted a full evidentiary hearing thereon, at the close of which oral arguments were received.

In this case Plaintiffs assert two causes of action against the Defendant. One is for breach of an oral agreement between the parties relating to the soliciting and placement of insurance. The second is in tort and is an action in which Plaintiffs complain that Defendant has improperly interfered with their contract relations with a certain insurance client.

The Defendant, in support of its motion under consideration, asserts that Defendant has had no contacts in Oklahoma sufficient to make it amenable to suit in Oklahoma under the principles announced in *International Shoe Company* and *McGee*[1] and that as Defendant has not had minimum contacts in Oklahoma the traditional notions of fair play and substantial justice will not

1. *International Shoe Company v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). *McGee v. International Life Insurance Company*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).

permit it to be sued in Oklahoma on Plaintiffs' causes of action.

In response to Defendant's position, the Plaintiffs assert that the relationship between Plaintiffs and Defendant by their oral agreement entered into in March of 1974 in New York City was that of joint adventurers in which instance each would be the agent of the other and that aside from Defendant's direct contacts in Oklahoma, the Plaintiffs as agents of Defendant had considerable contacts in Oklahoma attributable to Defendant under the relationship of joint adventurers which makes Defendant amenable to suit in the Courts of Oklahoma for Plaintiffs' causes of actions. Plaintiffs further assert that if Defendant was not a joint adventurer, Defendant had sufficient contacts in Oklahoma with relation to the causes of action at hand to make it amenable to suit in Oklahoma.

Defendant denies that it entered into a joint adventure with Plaintiffs in March of 1974 in New York City; Defendant denies that it had minimum contacts in Oklahoma with reference to the relationship which existed between the parties hereto and further urges that Plaintiffs' two causes of action have not arisen from any acts or business transacted by Defendant in the State of Oklahoma in connection with its relationship with Plaintiffs.

The evidentiary hearing reveals that the parties did reach a verbal agreement in New York City in March of 1974. However, the Court finds from the evidence presented that this agreement did not result in the parties thereto being joint adventurers for the reason that the parties had no agreement to share losses, either expressly or impliedly, and in such circumstances under New York law (which controls the interpretation of this contract) a joint adventurer relationship did not come into being. See 48 C.J.S. Joint Adventurers § 2, page 811 and *Cray, McFawn & Co. v. Hegarty, Conroy & Co.*, 27 F.Supp. 93 (S.D. N.Y.1939), affirmed, 109 F.2d 443 (Second Cir. 1940). In this connection, Plaintiffs' evidence was that there was no agreement or even a discussion regarding the matter of sharing losses in the alleged venture and Defendant's testimony was to the effect that there was no agreement whatsoever on this point. Other evidence presented at the hearing indicated that Plaintiffs were without the necessary funds to travel and make contacts with proposed insureds and same had to be advanced by Defendant which leads the Court to conclude that it is impossible to find by necessary implication that the parties did have an understanding that there would be a sharing of losses between the parties which would permit the establishment of a joint adventure relationship.

The evidence revealed that Plaintiffs had contacts with certain agricultural cooperatives with whom they had been dealing in the field of life, health and accident insurance and that Plaintiffs, though not qualified to solicit property and casualty insurance, desired to place such insurance with these clients. Defendant, as an insurance broker, had licensed agents in the property and casualty field who could solicit and prepare for brokerage such type of insurance. It appears that the parties agreed that as Plaintiffs were not licensed to solicit property and casualty insurance, that one of Defendant's agents so licensed would be present with a representative of Plaintiffs when any such solicitation was made of a client; that the insurance needs, the necessary data and a survey would be accomplished and then would be presented by Defendant to insurance carriers for quotes with the result that the client would eventually be recommended to place its property and casualty coverage in the company furnishing the best quote for the insurance program so developed.

In this connection, the Defendant is a Delaware corporation with principal place of business in New York and Plaintiffs are an individual residing in Oklahoma and an Oklahoma corporation with principal place of business in Oklahoma. The Plaintiffs have an office in Oklahoma City. Employees of Defendant on several occasions came to Oklahoma City, discussed this insurance program with Plaintiffs, would leave Okla-

homa City with Plaintiffs to interview prospective insurance clients out of the State of Oklahoma, and on some occasions the representatives of Defendant would go through the files of Plaintiffs in Oklahoma and would take from Oklahoma to New York certain packages put together with reference to possible insurance programs for proposed insureds. On two occasions the Chairman and Chief Executive Officer of Defendant came to Oklahoma and on at least one of the two visits met with Plaintiffs, conferred about the insurance business and left with Plaintiffs to interview a possible insured in the State of Arizona.

■ As to the cause of action based on breach of contract, the Court finds that the defendant has had sufficient contacts or requisite minimum contacts in Oklahoma connected with Plaintiffs' cause of action for breach of contract to make Defendant amenable to the Courts of Oklahoma in connection with such cause of action. This is based on the many trips of Defendant's representatives to Oklahoma to discuss this insurance business, to go through the files of Plaintiffs with reference thereto, and to take from Oklahoma to New York certain insurance packages prepared in Oklahoma by Plaintiffs. Also numerous telephone calls and correspondence transpired between the parties in connection with this relationship over a period of several months. The Court deems this to be sufficient minimum contacts, and as a part of Plaintiffs' cause of action for breach of contract has to do with allegations that Defendant did not process the insurance packages it obtained in Oklahoma and took to New York so that quotes could be given to the possible clients, such cause of action does arise from Defendant's contacts in Oklahoma in such manner as to make it amenable to suit here on this cause of ac-

tion. *Doyn Aircraft, Inc. v. Wylie*, 443 F.2d 579 (Tenth Cir. 1971).[2]

■ However, as to the Plaintiffs' cause of action in tort based on Defendant's alleged contract interference with Plaintiffs' relationship with their client in Utah, the Farmers Grain Cooperative, the Court finds from the evidence presented that there have been no contacts regarding this cause of action in Oklahoma. In order for a non-resident Defendant to be amenable to suit in an Oklahoma Court under one of the various Oklahoma long-arm statutes, the acts giving rise to the asserted cause of action must be the same acts which provide the basis for the Oklahoma Court's exercise of jurisdiction over the non-resident Defendant. *Crescent Corporation v. Martin*, 443 P.2d 111 (Okl.1968); *George v. Strick Corporation*, 496 F.2d 10 (Tenth Cir. 1974). Each cause of action must meet such test. *Precision Polymers, Inc. v. Nelson*, 512 P.2d 811 (Okl.1973).

Accordingly, Defendant's Motion To Dismiss for lack of in personam jurisdiction over it is overruled as to Plaintiffs' cause of action for breach of contract but is sustained as to Plaintiffs' cause of action in tort for contract interference which is not found to have arisen in this State by any contacts of Defendant in this State. Said cause of action in tort is stricken without prejudice.

---

**2.** Editorial syllabus 3 provides: "Though distributorship agreement between Texas resident and Kansas corporation was executed in Texas and was to be governed by the laws of that state, acts of Texas resident within Kansas constituted 'transaction of business' within Kansas long-arm statute, where Texas resident traveled to Kansas to investigate possibility of becoming distributor and where, when difficulties arose after the execution of the contract, Texas resident again traveled to Kansas, where, inter alia, the parties reaffirmed the Texas contract."