STANDARD LIFE AND ACCIDENT IN-
SURANCE COMPANY, an Oklahoma
Corporation, Plaintiff,

v.

WESTERN FINANCE, INC., a Kentucky
Corporation, and Eugene Deaton,
Defendants.

No. CIV–77–0428–D.

United States District Court,
W. D. Oklahoma.

Aug. 25, 1977.

Jim K. Goodman, Oklahoma City, Okl.,
for plaintiff.

Burck Bailey, Oklahoma City, Okl., for
defendants.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff brings this action to recover on a promissory note and personal guaranty. Plaintiff is an Oklahoma corporation with its principal place of business in Oklahoma City. Defendant Western Finance, Inc. (Western), the signer of the promissory note involved herein, is a Kentucky corporation with its principal place of business in Bowling Green, Kentucky. Defendant Eugene Deaton (Deaton), a shareholder, officer and director of Defendant Western at the time the note and guaranty were executed and the signer of the guaranty involved herein, is a citizen of Kentucky. It is asserted that this Court has jurisdiction of this matter by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332. Plaintiff claims that this Court has personal jurisdiction

over the Defendants pursuant to 12 Okla. Stat. §§ 187[1] and 1701.03.[2]

Pursuant to Rule 12(b)(2),[3] Federal Rules of Civil Procedure, Defendants have filed a Motion to Dismiss for Lack of Jurisdiction Over the Person. Said Motion is supported by a brief and affidavit. Plaintiff has filed a Response to Defendants' Motion to Dismiss and has supported said Response with a brief, affidavit and exhibits. Defendants have filed a Reply to Plaintiff's Response.

In support of their Motion to Dismiss this action, Defendants contend that there is an absence of those minimum contacts required in order to subject these Defendants to the personal jurisdiction of this Court. In an affidavit filed in support of the Motion herein, Deaton asserts that Western is engaged in the small loan business with its only office in Bowling Green, Kentucky; Western has never been licensed to do business in any state other than Kentucky and has never done business in any other state; the promissory note and guaranty of payment upon which the instant action is brought were executed in Bowling Green, Kentucky; all negotiations which preceded the execution of the note and guaranty took place in Louisville or Bowling Green, Kentucky; Plaintiff's check was delivered and

1. 12 Okla.Stat.Supp.1976 § 187 provides:

   "*In personam jurisdiction over certain nonresidents—Service of process—Venue*
   (a) Any person, firm, or corporation other than a foreign insurer licensed to do business in the State of Oklahoma whether or not such party is a citizen or resident of this State and who does, or who has done, any of the acts hereinafter enumerated, whether in person or through another, submits himself, or shall have submitted himself, and if an individual his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising, or which shall have arisen, from the doings of said acts:
   (1) the transaction of any business within this State;
   (2) the commission of any act within this State;
   (3) the manufacture or distribution of a product which is sold in the regular course of business within this State and is used within this State;
   (4) contracting to insure any person, property, or risk located within this State at the time of contracting.
   (b) Nothing herein contained limits or affects the right to serve any process in any other manner now or hereafter provided by law.
   (c) In addition to the other counties in which an action may be brought against a nonresident of this State, an action which is brought under this section where all defendants are nonresidents of the State may be brought in the county where the cause of action arose or in the county where the plaintiff or one of the plaintiffs resides. If one or more of the defendants is a resident of this State, the action shall be brought in any county where venue would be proper as to the resident defendant or one of the resident defendants if there are several."

2. 12 Okla.Stat.1971 § 1701.03
   "*Bases of Jurisdiction*

   (a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action or claim for relief arising from the person's:
   (1) transacting any business in this state;
   (2) contracting to supply services or things in this state;
   (3) causing tortious injury in this state by an act or omission in this state;
   (4) causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state;
   (5) having an interest in, using, or possessing real property in this state; or
   (6) contracting to insure any person, property, or risk located within this state at the time of contracting; or
   (7) maintaining any other relation to this state or to persons or property including support for minor children who are residents of this state which affords a basis for the exercise of personal jurisdiction by this state consistently with the Constitution of the United States.
   (b) When jurisdiction is based solely upon this section, the defendant's appearance does not authorize the exercise of personal jurisdiction except as to a cause of action or claim for relief arising in the circumstances enumerated in this section."

3. Rule 12(b), Federal Rules of Civil Procedure, provides in part:
   "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, crossclaim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (2) lack of jurisdiction over the person, . . . ."

cashed in Bowling Green; there were no telephone conversations regarding the note to any of Plaintiff's employees in Oklahoma; no employee or agent of Western has ever been to Oklahoma or had any contact with Oklahoma regarding the transaction involved herein; and neither Western nor Deaton has ever owned any property in Oklahoma, done any business in Oklahoma, or maintained a bank account in Oklahoma.

Plaintiff responds to Defendant's Motion to Dismiss with the contention that Defendants have had sufficient contacts with the state of Oklahoma for this Court to exercise jurisdiction over the persons of the Defendants. Plaintiff claims that this Court has personal jurisdiction over the Defendants in this action as the instant action stems from the execution of the note and guaranty which promised and guaranteed performance in Oklahoma;[4] there has been partial performance in Oklahoma; the parties, in executing the note, chose Oklahoma law as being applicable; payment of the note was to be made through commercial channels in Oklahoma; and Oklahoma has an interest in the relationship between the parties herein where substantial sums of money were transferred from the Oklahoma creditor to other jurisdictions upon the promise and guaranty that those monies would be repaid in Oklahoma at a later time. An affidavit filed in support of Plaintiff's Response shows that the parties agreed that the note was an Oklahoma contract to be interpreted and construed in accordance with Oklahoma law; payments were to be made to Plaintiff at its offices in Oklahoma City; the first payment due under the terms of the note was paid to Plaintiff at its Oklahoma City offices and credited to the obligations of Defendants under the terms of the note and guaranty; the note was not a single isolated business transaction between Plaintiff and Defendants and Plaintiff's loan to Western was made in connection with and directly related to previous business dealings between the parties;

as part of the previous business arrangements between the parties, an account on behalf of Western was established and maintained by Plaintiff at Plaintiff's Oklahoma City offices; pursuant to the terms of the note, when the note became in default, Plaintiff transferred credits from Western's Oklahoma City account and credited these against Western's note; the draft through which the loan proceeds were advanced to Western was made payable through, and was eventually honored at, an Oklahoma City bank; and the guaranty agreement insured performance in Oklahoma.

In their Reply to Plaintiff's Response, Defendants maintain that said Response does not provide a basis for vesting this Court with personal jurisdiction over the Defendants.

■ A federal district court must look to the law of the state wherein it sits to determine whether it has in personam jurisdiction over the defendant. *Doyn Aircraft, Inc. v. Wylie,* 443 F.2d 579 (Tenth Cir. 1971); *Jem Engineering & Manufacturing, Inc. v. Toomer Electrical Co.,* 413 F.Supp. 481 (N.D.Okl.1976). If in personam jurisdiction over the nonresident Defendants exists in this Court, it must be found in the authority of the pertinent Oklahoma statutes. *Perkins v. Benguet Consolidated Mining Co.,* 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952); *Burchett v. Bardahl Oil Co.,* 470 F.2d 793 (Tenth Cir. 1972); *Timberlake v. Summers,* 413 F.Supp. 708 (W.D.Okl. 1976); *Federal National Bank & Trust Co. of Shawnee v. Moon,* 412 F.Supp. 644 (W.D. Okl.1976).

■ For purposes of a Rule 12(b)(2) Motion to Dismiss for lack of personal jurisdiction, the burden of proof rests upon the party asserting the existence of jurisdiction. *Wilshire Oil Company of Texas v. Riffe,* 409 F.2d 1277 (Tenth Cir. 1969); *Radiation Researchers, Inc. v. Fischer Industries, Inc.,* 70 F.R.D. 561 (W.D.Okl.1976). This burden,

---

4. Plaintiff asserts that although the place of payment is not specifically set forth in the note involved herein, that it is clear under Oklahoma law that when a note does not state where

payments are to be made, payments are to be made where the creditor resides. Plaintiff cites *Perkins v. Perkins,* 541 P.2d 379 (Okl.Ct.App. 1975) as authority for this contention.

however, is met by a prima facie showing that jurisdiction is conferred by the long-arm statute. *Block Industries v. DHJ Industries, Inc.*, 495 F.2d 256 (Eighth Cir. 1974); *O'Hare International Bank v. Hampton*, 437 F.2d 1173 (Seventh Cir. 1971); *United States v. Montreal Trust Co.*, 358 F.2d 239 (Second Cir. 1966), *cert. denied*, 384 U.S. 919, 86 S.Ct. 1366, 16 L.Ed.2d 440 (1966).

In this case, Plaintiff relies upon the Oklahoma long-arm statutes, 12 Okla.Stat. § 187 and § 1701.01 et seq., as a basis for this Court having in personam jurisdiction over the Defendants. These statutes grant Oklahoma courts in personam jurisdiction over nonresidents who transact business in the State of Oklahoma. The only limitation upon a court in exercising in personam jurisdiction over nonresidents transacting any business in Oklahoma is that of due process. *Jem Engineering & Manufacturing, Inc. v. Toomer Electrical Co.*, *supra*; *Vacu-Maid, Inc. v. Covington*, 530 P.2d 137 (Okl.Ct.App. 1974). This limitation is known as the "minimum contacts" rule pronounced by the United States Supreme Court in *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In that case, the Supreme Court stated:

> "[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

The Oklahoma long-arm statutes have been construed as intending to extend the jurisdiction of Oklahoma courts over nonresidents to the outer limits permitted by the due process requirements of the United States Constitution. *Burchett v. Bardahl Oil Co.*, *supra*; *Timberlake v. Summers*, *supra*; *Jem Engineering & Manufacturing, Inc. v. Toomer Electrical Co.*, *supra*; *Fields v. Volkswagen of America, Inc.*, 555 P.2d 48 (Okl.1976).

■ However, in order for a nonresident defendant to be amenable to suit in an Oklahoma court under the Oklahoma long-arm statutes, the acts alleged to give rise to the cause of action must be the same acts which provide the basis for the Oklahoma court's exercise of jurisdiction over the nonresident defendant. *George v. Strick Corp.*, 496 F.2d 10 (Tenth Cir. 1974); *Longmire v. Sweeney & Bell, Inc.*, 418 F.Supp. 904 (W.D. Okl.1976); *Bruce v. Fairchild Industries, Inc.*, 413 F.Supp. 914 (W.D.Okl.1975); *Roberts v. Jack Richards Aircraft Co.*, 536 P.2d 353 (Okl.1975); *Precision Polymers, Inc. v. Nelson*, 512 P.2d 811 (Okl.1973); *Crescent Corp. v. Martin*, 443 P.2d 111 (Okl.1968). In determining the sufficiency of contacts between nonresident defendants and the State of Oklahoma so as to exercise in personam jurisdiction under the long-arm statutes, the Court is to consider the totality of contacts between the nonresident defendant and Oklahoma. *Federal National Bank & Trust Co. of Shawnee v. Moon*, *supra*; *Gregory v. Grove*, 547 P.2d 381 (Okl. 1976); *Carmack v. Chemical Bank New York Trust Co.*, 536 P.2d 897 (Okl.1975); *Crescent Corp. v. Martin*, *supra*.

■ Upon consideration of the totality of contacts between Defendants and Oklahoma in connection with the note and guaranty involved in this action, the Court concludes that there are sufficient contacts so as to constitute a basis for this Court's exercise of in personam jurisdiction over the Defendants consistent with the due process requirements of the United States Constitution. This determination is subject to reconsideration on request of Defendants when the case is heard on its merits. Accordingly, Defendants' Motion to Dismiss for Lack of Jurisdiction over the Person is overruled without prejudice to its being reconsidered at the trial of this matter.

Defendants are to file their Answers to the Complaint within 20 days of this date.