**RADIATION RESEARCHERS, INC., Plaintiff,**

v.

**FISCHER INDUSTRIES, INC., Defendant.**

Civ. No. 75–0750–D.

United States District Court, W. D. Oklahoma.

Feb. 23, 1976.

**562**

John M. Johnston, Oklahoma City, Okl., for plaintiff.

Jim W. Lee, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff's action is apparently based on an alleged breach of contractual obligations arising from an agreement that Plaintiff would sell and market equipment manufactured by Defendant. The alleged breach involves whether Plaintiff should be allowed credit for repairing allegedly defective equipment. Defendant is an Illinois corporation and it is alleged in the Complaint the agreement was consummated in Illinois. Plaintiff is an Oklahoma corporation and it is alleged it purchased equipment from Defendant and resold same in Oklahoma.

■ Defendant has filed a pleading captioned Objection to Jurisdiction and, in the Alternative, Objection to Venue and Motion to Transfer. Said pleading which asserts Defendant appears specially for the purposes of said objections is improper under the Federal Rules of Civil Procedure and should have been asserted as a Motion to Dismiss for lack of jurisdiction over the person and for improper venue pursuant to Rule 12(b), subsections (2) and (3), Federal Rules of Civil Procedure. It will be so treated by the Court. *Product Promotions, Inc. v. Cousteau,* 495 F.2d 483 (Fifth Cir. 1974). The Motion to Transfer appears to be made pursuant to 28 U.S.C. § 1404(a). Said Motions are supported by a Brief and Plaintiff has filed its Response in opposition to same which is also supported by a Brief.

Defendant contends it is not subject to the jurisdiction of this Court because it does not do business in Oklahoma and further has not had minimal contacts with this state. It urges that the contract was entered into in Illinois and its performance thereunder has been conducted in said State. It further contends that its residence for venue purposes is where it is incorporated or does business pursuant to the provisions of 28 U.S.C. § 1391(c) and that its residence for venue purposes is within the Northern District of Illinois and not in this District. It asserts the instant claim arose in Illinois and the proper forum for this action is in the Northern District of Illinois.

Plaintiff in its Response asserts that Defendant has done business in Oklahoma and has had minimum contacts with said state by reason of shipping goods into the State of Oklahoma. Plaintiff asserts that the provisions of 28 U.S.C. § 1391(c) thus subject Defendant to the jurisdiction and venue of this Court. Plaintiff improperly contends that a federal jurisdictional question is governed by Federal and not State law.

The Complaint fails to state the grounds upon which the Court's jurisdiction depends as required by Rule 8(a), Federal Rules of Civil Procedure. This is, however, an

amendable defect pursuant to 28 U.S.C. § 1653.

■ In a diversity case (which the instant action appears to be in spite of the absence of subject matter jurisdictional allegations) the Federal Courts look to the in personam jurisdictional provisions of the State in which the Court is situated as to nonresidents. *Wilshire Oil Company of Texas v. Riffe,* 409 F.2d 1277 (Tenth Cir. 1969); *Product Promotions, Inc. v. Cousteau, supra.*

■ The party invoking the jurisdiction of the Court has the burden of pleading and proving the existence of jurisdiction. *Wilshire Oil Company of Texas v. Riffe, supra.* In Wright & Miller, Federal Practice and Procedure: Civil § 1068 the rule is stated:

"It has been held that when plaintiff is seeking to bring a defendant into court under a long-arm statute, he must state sufficient facts in the complaint to support a reasonable inference that defendant can be subjected to jurisdiction within the state."

Cases so holding include: *Product Promotions, Inc. v. Cousteau, supra;* and *United States v. Shirman,* 41 F.R.D. 368 (N.D.Ill. 1966). The Complaint in the instant case sets out facts [1] which appear to fit into the requirements of one or both of Oklahoma's duplicitous long-arm statutes found at 12 Oklahoma Statutes §§ 187 and 1701.03. The most applicable provision appears to be 12 Oklahoma Statutes § 187 which provides:

"Any person, firm, or corporation other than a foreign insurer licensed to do business in the State of Oklahoma whether or not such party is a citizen or resident of this State and who does, or who has done, any of the acts thereinafter enumerated, whether in person or through another, submits himself, or shall have submitted himself, and if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising, or which shall have arisen, from the doings of any of said acts:

(3) the manufacture or distribution of a product which is sold in the regular course of business within this STATE and is used within this STATE:"

■ In considering the allegations of the Complaint and the facts submitted by affidavits by the parties in support of or in opposition to the instant Motion, it appears Defendant has engaged in the manufacture and distribution of products in Illinois which have been sold in the regular course of business within the State of Oklahoma and such goods have been used within this State. Hence, the provisions of 12 Oklahoma Statutes § 187(a)(3) are applicable. The fact that Defendant's responsibility for such goods ceased when they were shipped in Illinois has no bearing on the applicable statutory provisions. Said provisions are not based on a Defendant "doing business" within the State of Oklahoma but are based on contacts with said state which may effect its citizens as set out in 12 Oklahoma Statutes § 187(a)(3), *supra.*

Moreover, the state of the record in this case also indicates that the broader provisions of 12 Oklahoma Statutes § 1701.03 would appear to apply. Same provides in applicable part:

"(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action or claim for relief arising from the person's:

"(2) contracting to supply services or things in this state;"

In this regard, it appears Defendant contracted with Plaintiff to supply products (it manufactures and distributes in Illinois in the State of Oklahoma) and same were supplied.

"Thereafter, the defendant sold x-ray equipment to plaintiff in Oklahoma and plaintiff sold said equipment to third parties in the regular course of business."

---

1. Relevant allegations in the Complaint include the following:

"That on or about October of 1971 the plaintiff and defendant met in Illinois and agreed that the plaintiff would sell and market the x-ray equipment manufactured by the defendant . . . .

In *Vemco Plating, Inc. v. Denver Fire Clay Company,* 496 P.2d 117 (Okl.1972) the Court stated:

"In view of the facts which the affidavits, depositions, and exhibits filed in this case tend to show, it cannot be held that defendant did not contract to supply 'things in this state' . . . As this statute was intended 'to extend the jurisdiction of Oklahoma courts over nonresidents to the outer limits permitted by the' United States Constitution's due process requirements . . . "

The instant case involves more than an isolated transaction and falls well within the minimum contacts doctrine. The Motion to Dismiss should be overruled as same is asserted on lack of in personam jurisdiction of Defendant.

■ Both parties have failed to determine the correct basis for venue in this action. Same is found in 28 U.S.C. § 1391(a) which provides:

"A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose."

28 U.S.C. § 1391(c) provides:

"A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

This latter section has been held to constitute the definition of corporate "residence" applicable in determining same under the diversity venue provisions of § 1391(a). *Pure Oil Co. v. Suarez,* 384 U.S. 202, 86 S.Ct. 1394, 16 L.Ed.2d 474 (1966). Both parties to the instant action are corporations. Plaintiff being an Oklahoma corporation is a "resident" of Oklahoma for the purposes of establishing venue and venue is proper in this Court under 28 U.S.C. § 1391. Defendant's Motion to Dismiss should be overruled as far as it is based on alleged improper venue.

■ It is presumed Defendant's Motion to Transfer is based on 28 U.S.C. § 1404(a) which provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Defendant asserts the breach in question occurred in Illinois where Plaintiff admits the contract was executed. Plaintiff in its Response asserts that the malfunctioning of equipment for which reimbursement is sought which is the very basis of the instant action occurred in Oklahoma and its witnesses are located here. It asserts the requested transfer would merely shift the inconvenience from Defendant to Plaintiff. It further contends that Defendant has failed to sustain its burden to justify transfer of this action. The Court agrees with Plaintiff's position. In *Wm. A. Smith Contracting Co. v. Travelers Indemnity Company,* 467 F.2d 662 (Tenth Cir. 1972) the Court stated:

"The movant under § 1404(a) has the burden of establishing that the suit should be transferred. Unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed. The transfer is with the discretion of the trial court . . "

The Defendant has wholly failed to meet its burden in the instant Motion to Transfer and same in the Court's discretion should be denied.

Defendant is directed to Answer the Complaint herein within 20 days of this date.