The CROSSROADS STATE BANK, a State Banking Corporation, Plaintiff,

v.

Edward C. SAVAGE, and B. L. Skidmore, a partnership, and Edward C. Savage, an Individual, and B. L. Skidmore, an Individual, Defendants.

No. CIV–77–0422–D.

United States District Court, W. D. Oklahoma.

Aug. 5, 1977.

**744**

James W. Swank, Jr., Oklahoma City, Okl., for plaintiff.

R. M. Saccocio, Robert S. McCain, Fort Lauderdale, Fla., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff brings this action seeking to recover on a promissory note executed by the Defendants. It is asserted that this Court has diversity of citizenship and amount in controversy jurisdiction of the matter in accordance with 28 U.S.C. § 1332.

Pursuant to 28 U.S.C. § 1404(a), Defendants have filed herein a Motion for Change of Venue requesting that the Court transfer this action to the United States District Court for the Southern District of Florida. Defendants' Motion is supported by Affidavits of Defendants and their counsel. Plaintiff has filed a Response to the Motion and has supported the Response with a Brief and an Affidavit of Plaintiff's counsel.

In support of their Motion, Defendants contend that both individual Defendants reside in the Southern District of Florida; that the action could originally have been brought in that District; that all of Defendants' witnesses reside in said District; that these witnesses are beyond the reach of the processes of this Court; and that the expenses and loss of time involved in bringing these witnesses to Oklahoma City for the trial of this action would be great. In an Affidavit filed herein, Defendant Savage states that he is presently convalescing from major coronary surgery and would be unable to travel from his residence in Florida to Oklahoma City without a substantial likelihood of damage to his health and recovery.

In opposition to the Motion, Plaintiff asserts that the Plaintiff and Plaintiff's witnesses reside in this District; that the transaction involved herein occurred in this District; and that Oklahoma law would govern the determination of the case. Plaintiff maintains that it and its witnesses would be put to great expense and hardship if they are required to travel to Florida for the determination of this action.

The transfer of pending civil cases from one district to another is governed by the provisions of 28 U.S.C. § 1404(a), which provides:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil ac-

tion to any other district or division where it might have been brought."

■ The grounds for a transfer are the convenience of the parties and witnesses and the interest of justice. The burden of establishing that the suit should be transferred is on the movant and unless the evidence and circumstances of the case are strongly in favor of the transfer, the Plaintiff's choice of forum should not be disturbed. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Wm. A. Smith Contracting Co. v. Travelers Indemnity Co.,* 467 F.2d 662 (Tenth Cir. 1972); *Texas Gulf Sulphur Co. v. Ritter,* 371 F.2d 145 (Tenth Cir. 1967); *Houston Fearless Corp. v. Teter,* 318 F.2d 822 (Tenth Cir. 1963); *Chicago, Rock Island and Pacific Railroad Co. v. Hugh Breeding, Inc.,* 247 F.2d 217 (Tenth Cir. 1957), *appeal dismissed,* 355 U.S. 880, 78 S.Ct. 138, 2 L.Ed.2d 107 (1957); *Radiation Researchers, Inc. v. Fischer Industries, Inc.,* 70 F.R.D. 561 (W.D. Okl.1976); *Vinita Broadcasting Co. v. Colby,* 320 F.Supp. 902 (N.D.Okl.1971); *Wehrle v. General Motors Corp.,* 276 F.Supp. 642 (W.D.Okl.1967). A transfer lies within the sound judicial discretion of the trial court. *Wm. A. Smith Contracting Co. v. Travelers Indemnity Co., supra; Metropolitan Paving Co. v. International Union of Operating Engineers,* 439 F.2d 300 (Tenth Cir. 1971), *cert. denied,* 404 U.S. 829, 92 S.Ct. 68, 30 L.Ed.2d 58 (1971); *Texas Gulf Sulphur Co. v. Ritter, supra.* The Court will not readily disturb Plaintiff's choice of forum. *Gulf Oil Corp. v. Gilbert, supra.*

■ The first factor the Court must consider under 28 U.S.C. § 1404(a) is the convenience of the parties. As Plaintiff is an Oklahoma corporation with its principal place of business in this District and both Defendants reside within the Southern District of Florida, the matter becomes one of deciding whether Defendants should travel to Oklahoma or whether Plaintiff should travel to Florida. Regardless of in which District this action lies, one of the parties will be inconvenienced. On this basis, the Court is unable to conclude that the convenience of the parties warrants that this case be transferred to the Southern District of Florida. Defendants have not shown to the Court that deposition testimony of Defendant Savage would be unsatisfactory. Where the transfer would merely shift the inconvenience from one party to the other, the Motion for Change of Venue should be denied. *Vasquez v. Falcon Coach Co.,* 376 F.Supp. 815 (D.N.D.1974); *Residex v. Farrow,* 374 F.Supp. 715 (E.D.Pa.1974); *Attwell v. City of Chicago,* 358 F.Supp. 1248 (E.D.Wis.1973); *City of New York v. General Motors Corp.,* 357 F.Supp. 327 (S.D.N. Y.1973); *Hyde Construction Co. v. Koehring Co.,* 321 F.Supp. 1193 (S.D.Miss.1969); *Nocona Leather Goods Co. v. A. G. Spalding & Bros.,* 159 F.Supp. 269 (D.Del.1957).

■ Under 28 U.S.C. § 1404(a), the Court must next consider the convenience of the witnesses. Defendants have not shown to the Court that a transfer of this case to Florida would be for the convenience of the witnesses in this matter. No affidavits have been submitted that show the number of prospective witnesses for Defendants that reside in Florida; the quality or materiality of the testimony of such witnesses; that any such witnesses would be unwilling to come to trial in Oklahoma City; that deposition testimony would be unsatisfactory; or that the use of compulsory process will be necessary. Though a certainty of exact specificity of witnesses is not an absolute to the sustenance of movant's burden, it is necessary that some factual information relative to the materiality of witness testimony be supplied to the Court. Defendants have supplied no factual details that enable this Court to determine that the forum chosen by the Plaintiff is inconvenient for any witnesses other than the individual Defendants themselves. In view of the absence of a showing by Defendants that a trial in the present forum would greatly inconvenience the witnesses in this case, the weight of the equities would appear to preponderate in favor of retaining venue in the Western District of Oklahoma.

The third standard under 28 U.S.C. § 1404(a) is "in the interest of justice." Under this standard, there should be con-

sidered the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses; the cost of obtaining attendance of willing witnesses; and all other practical problems that make trial of a case easy, expeditious and inexpensive. See *Gulf Oil Corp. v. Gilbert, supra; Chicago, Rock Island and Pacific Railroad Co. v. Igoe,* 220 F.2d 299 (Seventh Cir. 1955). From the Briefs and Affidavits before the Court, the Court is not persuaded that the interests of justice mandate that this Court disturb Plaintiff's choice of forum and transfer this action to the Southern District of Florida.

In the Court's judgment, an application of the triple standard of 28 U.S.C. § 1404(a), i. e., convenience of parties, convenience of witnesses, and the interest of justice, does not favor a transfer of the instant action to the Southern District of Florida. Accordingly, Defendants' Motion for Change of Venue should be overruled.

It is so ordered this 5th day of August, 1977.