**ROC, INC., a Kansas Corporation, Plaintiff,**

v.

**PROGRESS DRILLERS, INC., a Delaware Corporation, Defendant.**

**No. CIV–78–0968–D.**

United States District Court, W. D. Oklahoma.

Jan. 29, 1979.

148

Stephen P. Friot, Oklahoma City, Okl., for plaintiff.

Charles A. Gall, Dallas, Tex., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff brings this action to recover unpaid rentals under a written contract for the lease of a drilling rig. The Complaint alleges that Plaintiff is a Kansas corporation with its principal place of business in Kansas. Defendant is alleged to be a Delaware corporation with its principal place of business in Texas. It is asserted that the Court has jurisdiction of this action by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332.

Defendant has filed herein a Motion to Dismiss or, in the Alternative, to Transfer to the Southern District of Texas. Said Motion is supported by a Brief, two affidavits and an exhibit. Plaintiff has filed a Brief with several supporting affidavits in opposition to said Motion.

In support of its Motion, Defendant contends that the Court lacks *in personam* jurisdiction over Defendant on the claim asserted in this case because said claim did not arise from Defendant's business activities within the State of Oklahoma; and that in the alternative, the interests of justice require this action be transferred to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1404(a). In its Brief in opposition to Defendant's Motion, Plaintiff contends that the Court has *in personam* jurisdiction over Defendant with respect to the claim asserted herein independently of the Oklahoma "long-arm" statutes; and that transfer of this action pursuant to 28 U.S.C. § 1404(a) is not warranted under the applicable triple standard of convenience of the parties, convenience of the witnesses and the interest of justice.

## MOTION TO DISMISS

Plaintiff asserts in its Brief in opposition to Defendant's Motion that Defendant has so involved itself with Oklahoma through its operations in Oklahoma so as to render itself amenable to suit in Oklahoma without resort to the Oklahoma "long-arm" statutes. However, a federal district court must look to the law of the state wherein it sits to determine whether it has *in personam* jurisdiction over the defendant. *Doyn Aircraft Inc. v. Wylie*, 443 F.2d 579 (Tenth Cir. 1971); *Standard Life and Accident Insurance Co. v. Western Finance, Inc.*, 436 F.Supp. 843 (W.D.Okl. 1977); *Jem Engineering and Manufacturing, Inc. v. Toomer Electrical Co.*, 413 F.Supp. 481 (N.D.Okl.1976). Therefore, if *in personam* jurisdiction over the Defendant exists in this Court, it must be found in the authority of the pertinent Oklahoma statutes. *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952); *Burchett v. Bardahl Oil Co.*, 470 F.2d 793 (Tenth Cir. 1972); *Standard Life and Accident Insurance Co. v.*

*Western Finance, Inc., supra; Lyon v. Bonneson,* 451 F.Supp. 441 (W.D.Okl.1977); *Northwest Animal Hospital, Inc. v. Earnhardt,* 444 F.Supp. 10 (W.D.Okl.1977); *Timberlake v. Summers,* 413 F.Supp. 708 (W.D. Okl.1976); *Garrett v. Levitz Furniture Corp.,* 356 F.Supp. 283 (N.D.Okl.1973). In determining whether the Court may properly assert *in personam* jurisdiction over the Defendant in this case, the Court must first determine whether Oklahoma has by statute provided for the assertion of jurisdiction in the context of the situation involved herein, and if this inquiry is answered affirmatively, the Court must determine whether the assertion of jurisdiction is constitutionally permissible. *Rebozo v. Washington Post Co.,* 515 F.2d 1208 (Fifth Cir. 1975); *Timberlake v. Summers, supra; see Intermeat, Inc. v. American Poultry, Inc.,* 575 F.2d 1017 (Second Cir. 1978); *Wells Fargo & Co. v. Wells Fargo Express Co.,* 556 F.2d 406 (Ninth Cir. 1977).

■ Oklahoma has three statutory provisions which provide for jurisdiction over foreign corporations. *Garrett v. Levitz Furniture Corp., supra.* Two of them, 12 Okl.Stat.Supp.1978 § 187 and 12 Okl.Stat. 1971 § 1701.03, are "minimal contacts" type statutes and require that the subject matter of the action arise out of acts done or things located in the state. Plaintiff's action in the instant case is for breach of a lease agreement involving a drilling rig located in Texas. Plaintiff's Complaint does not allege that any of the operative facts which form the basis of such action occurred in Oklahoma. Furthermore, in briefing the jurisdiction question, Plaintiff does not claim that any part of its cause of action arose out of any acts by Defendant in Oklahoma. Thus § 187 and § 1701.03 are inapplicable.

■ The third statute, 18 Okl.Stat.1971 § 1.204a, provides for jurisdiction under both the "minimal contacts" theory as well as the general "doing business" test. It provides for jurisdiction of an action accruing "by reason of a foreign corporation doing business in this state." As pointed out above, Plaintiff's cause of action did not accrue "by reason of" Defendant's doing business in Oklahoma. However, § 1.204a also provides for jurisdiction of a cause of action accruing "while a foreign corporation was doing business within this state." In the instant case, Defendant states that the only business which it "presently transacts" in this judicial district is the operation of one drilling rig in Custer County, Oklahoma, and that the drilling rig in dispute was located in Texas throughout the time it was leased from Plaintiff. However, it appears from the affidavit of Max M. Dillard, a former officer of Defendant, submitted by Plaintiff that Defendant was engaged in substantial business activities in Oklahoma and this judicial district at the time Plaintiff's cause of action arose. In this connection, said affidavit states that Defendant maintained a headquarters in Woodward, Oklahoma, for its "Division 20," one of Defendant's five divisions, from which all of Defendant's Oklahoma operations were directed and managed; that Defendant operated nine drilling rigs under Division 20 between Oklahoma and Texas as needed; that Defendant maintained the Division 20 yard in Woodward for the purposes of storing, maintaining and repairing oil field equipment; and that Defendant maintained active bank accounts and had a three million dollar loan with the First National Bank and Trust Company of Oklahoma City. Therefore, the Court finds and concludes that Defendant was "doing business" in Oklahoma within the meaning of § 1.204a. Accordingly, the Court may assert jurisdiction over Defendant under said section if constitutionally permissible.

The United States Supreme Court has held that *in personam* jurisdiction may be asserted over a foreign corporation as to a cause of action arising from activities entirely distinct from the corporation's activities within the forum state without violating federal due process where the corporation has substantial activities within the forum state. *Perkins v. Benquet Consolidated Mining Co., supra; see International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). As it appears

from the record before the Court that Defendant had substantial business activities within Oklahoma which in fact may not have been entirely distinct from Defendant's activities giving rise to Plaintiff's cause of action, the Court determines that the assertion of jurisdiction over Defendant under § 1.204a does not violate federal due process standards and is therefore constitutionally permissible. In view of the foregoing, the Court finds and concludes that Defendant's Motion to Dismiss for lack of *in personam* jurisdiction should be overruled.

## ALTERNATIVE MOTION TO TRANSFER

■ Pursuant to 28 U.S.C. § 1404(a), Defendant moves the Court to transfer this action to the United States District Court for the Southern District of Texas. § 1404(a) governs the transfer of pending civil cases from one judicial district to another and provides:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The purpose of § 1404(a) is, to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); *Continental Grain Co. v. Barge FBL–585,* 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960).

■ A transfer under § 1404(a) lies within the discretion of the trial court. *Wm. A. Smith Contracting Co. v. Travelers Indemnity Co.,* 467 F.2d 662 (Tenth Cir. 1972); *Metropolitan Paving Co. v. International Union of Operating Engineers,* 439 F.2d 300 (Tenth Cir. 1971), *cert. denied,* 404 U.S. 829, 92 S.Ct. 68, 30 L.Ed.2d 58 (1971); *Texas Gulf Sulphur Co. v. Ritter,* 371 F.2d 145 (Tenth Cir. 1967); *Houston Fearless Corp. v. Teter,* 318 F.2d 822 (Tenth Cir. 1963). The burden of establishing that a case should be transferred is on the movant and unless the evidence and circumstances of the case are strongly in favor of the transfer, the plaintiff's choice of forum should rarely be disturbed. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Wm. A. Smith Contracting Co. v. Travelers Indemnity Co., supra; Texas Gulf Sulphur Co. v. Ritter, supra; Houston Fearless Corp. v. Teter, supra.*

■ The initial concern of the Court in a § 1404(a) proceeding is whether the action might have been brought in the first instance in the transferee district. *See Continental Grain Co. v. Barge FBL–585, supra; Hoffman v. Blaski,* 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). As the record herein establishes without dispute that Defendant's principal place of business is in the southern judicial district of Texas at Houston, Texas, this action could have been brought in said district under 28 U.S.C. § 1391(c).

■ The first factor that the Court must consider under § 1404(a) is the convenience of the parties. A large measure of deference is due the plaintiff's freedom to select his forum and significant weight should be given such choice in considering the transfer of the case to another district. *See Shutte v. Armco Steel Corp.,* 431 F.2d 22 (Third Cir. 1970), *cert. denied,* 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971); *A. Olinick & Sons v. Dempster Brothers, Inc.,* 365 F.2d 439 (Second Cir. 1966). However, this factor has reduced value where there is an absence of any significant contact by the forum state with the transactions or conduct underlying the cause of action. *See Chicago, Rock Island and Pacific Railroad Co. v. Igoe,* 220 F.2d 299 (Seventh Cir. 1955), *cert. denied,* 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735 (1955); *Foster v. Litton Industries, Inc.,* 431 F.Supp. 86 (S.D.N.Y. 1977); *Bridgeman v. Bradshaw,* 405 F.Supp. 1004 (D.S.C.1975); *Adler v. Avis Rent-A-Car System, Inc.,* 391 F.Supp. 466 (E.D.Wis. 1975); *Brindle v. Chesapeake & Ohio Railway Co.,* 357 F.Supp. 1116 (N.D.Ill.1973); *Lowry v. Chicago, Rock Island and Pacific Railroad Co.,* 293 F.Supp. 867 (W.D.Okl. 1968); *Koeneke v. Greyhound Lines, Inc.,* 289 F.Supp. 487 (W.D.Okl.1968).

152

In the instant case, Plaintiff is a Kansas corporation with its principal place of business in Kansas while Defendant is a Delaware corporation with its principal place of business in Texas. Thus, it appears that the transfer of this case may result in inconvenience to Plaintiff while being more convenient for Defendant. Under such circumstances, the Court is unable to conclude that the convenience of the parties favors the transfer of this case to Texas. Where the transfer would merely shift the inconvenience from one party to the other, the motion for change of venue should be denied. *Crossroads State Bank v. Savage*, 436 F.Supp. 743 (W.D.Okl.1977); *Vasquez v. Falcon Coach Co.*, 376 F.Supp. 815 (D.N.D. 1974); *Residex v. Farrow*, 374 F.Supp. 715 (E.D.Pa.1974), *aff'd mem.*, 556 F.2d 568 (Third Cir. 1977).

The second factor under § 1404(a) is the convenience of the witnesses. Defendant has submitted the affidavits of its chief financial officer and its attorney. The latter affidavit lists five potential witnesses who reside in Houston, Texas, and briefly summarizes the matters they may testify to. However, nothing has been submitted to the Court to indicate the quality or materiality of the testimony of said witnesses. Nor has Defendant shown that any such witnesses would be unwilling to come to trial in Oklahoma City; that deposition testimony would be unsatisfactory; or that the use of compulsory process will be necessary. Though a certainty of exact specificity of witnesses is not an absolute to the sustenance of Defendants' burden, it is necessary that some factual information relative to the materiality of witness testimony and the considerations mentioned above be supplied to the Court. *See Chicago, Rock Island and Pacific Railroad Co. v. Hugh Breeding Co.*, 232 F.2d 584 (Tenth Cir. 1956), *cert. dismissed,* 355 U.S. 880, 78 S.Ct. 138, 2 L.Ed.2d 107 (1957); *Crossroads State Bank v. Savage, supra.* Defendant has not supplied this Court with sufficient factual details to enable it to determine that the forum in this judicial district is inconvenient for the witnesses in this case. In view of the absence of a clear showing by Defendant that a trial in the present forum would greatly inconvenience the witnesses in this case, the weight of the equities would appear to preponderate in favor of retaining venue in this judicial district.

The third factor under 28 U.S.C. § 1404(a) is the interest of justice. Under this standard, there should be considered the relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling witnesses, the cost of obtaining attendance of willing witnesses, and all other practical problems that make trial of a case easy, expeditious and inexpensive. *Crossroads State Bank v. Savage, supra; see Gulf Oil Corp. v. Gilbert, supra; Chicago, Rock Island and Pacific Railroad Co. v. Igoe, supra.* From the motion and briefs before it, the Court is not persuaded that the interests of justice favor the transfer of this action to Texas.

In view of the foregoing application of the triple standard of 28 U.S.C. § 1404(a), *i. e.*, the convenience of parties, convenience of witnesses, and the interest of justice, the Court finds and concludes that Defendant has not sufficiently established that the trial of this action would more conveniently proceed and that the interest of justice would be better served in the Southern District of Texas. Accordingly, Defendant's Alternative Motion to Transfer should be overruled.

It is so ordered this 29th day of January, 1979.