Albert H. **CARTER**, Plaintiff,

v.

The **HOUSTON CHRONICLE PUBLISH-ING COMPANY**, a corporation, and Moselle Boland, an individual, Defendants.

No. CIV–80–913–D.

United States District Court,
W. D. Oklahoma.

Nov. 17, 1980.

Albert H. Carter, pro se.

W. Robert Brown and Scott Hunsaker, Houston, Tex., Clyde A. Muchmore and Robert H. Alexander, Jr., Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

This is an action in libel brought by Plaintiff against Defendants The Houston Chronicle Publishing Company (Chronicle) and Moselle Boland (Boland). Plaintiff is prosecuting this case *pro se.* It is asserted that this Court has subject matter jurisdiction by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332. Defendants have filed herein a Motion to Dismiss, Stay, or Transfer this action which is supported by a Brief and two affidavits. Plaintiff has filed a Brief in opposition thereto.

In support of their Motion, Defendants contend that this Court lacks personal jurisdiction over them as the Defendant Chronicle is a Texas corporation with principal place of business in Texas whose only contacts with Oklahoma are the sending of reporters to Oklahoma to cover certain stories and the delivery of seventy-one newspapers to Oklahoma for distribution within the state. Defendant Boland's only contact with Oklahoma is that she is a reporter for the Chronicle, which is distributed in Oklahoma, and the author of the allegedly libelous article giving rise to this case. Alternatively, Defendants contend that this action should be stayed pending final resolution of an identical action brought by Plaintiff against Defendant Chronicle in Texas District Court, Harris County, Texas.[1] Finally, Defendants contend that this case should be transferred to the United States District Court for the Southern District of Texas.

As this action is founded upon diversity of citizenship, the Court must look to Oklahoma law for the basis of in personam jurisdiction over a nonresident defendant. *Doyn Aircraft, Inc. v. Wylie,* 443 F.2d 579 (10th Cir. 1971); *Roc, Inc. v. Progress Drillers, Inc.,* 481 F.Supp. 147 (W.D.Okl.1979); *CMI Corp. v. Costello Construction Co.,* 454 F.Supp. 497 (W.D.Okl.1977). Plaintiff asserts this Court has personal jurisdiction over Defendant pursuant to the Oklahoma "long arm" statutes, 12 Okla.Stat.Supp.1979 § 187 and 12 Okla.Stat.1971 § 1701.03.[2]

---

1. A call to the District Clerk of Harris County, Texas, reveals that *Albert H. Carter v. Houston Chronicle Publishing Company,* No. 79–CI–5749, was originally filed in the District Court of Bexar County, Texas, and was transferred to the District Court of Harris County, Texas. The District Clerk of Harris County has not yet filed said case in Harris County because Plaintiff has failed to either pay the Harris County filing fee of $40.00 or file a Pauper's Oath in Harris County. Therefore, the Texas case which Defendants have alluded to is not presently pending as the District Court of Bexar County, Texas, transferred the same and the District Court of Harris County, Texas, has not yet filed said action.

2. Oklahoma had three statutes relevant to this action which grant personal jurisdiction over a nonresident defendant: 12 Okla.Stat.Supp.1979

■ For purposes of Defendants' Motion, the burden of proof rests upon the party asserting the existence of personal jurisdiction. *Wilshire Oil Company of Texas v. Riffe*, 409 F.2d 1277 (10th Cir. 1969); *Radiation Researchers, Inc. v. Fischer Industries, Inc.*, 70 F.R.D. 561 (W.D.Okl.1976). This burden, however, is met by a prima facie showing that jurisdiction is conferred by the long-arm statutes. *Block Industries v. DHJ Industries, Inc.*, 495 F.2d 256 (8th Cir. 1974); *O'Hare International Bank v. Hampton*, 437 F.2d 1173 (7th Cir. 1971); *United States v. Montreal Trust Co.*, 358 F.2d 239 (2nd Cir. 1966), *cert. denied*, 384 U.S. 919, 86 S.Ct. 1366, 16 L.Ed.2d 440 (1966).

■ Due process requires that in order to subject a nonresident defendant to in personam jurisdiction of a forum state, said defendant must have certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

■ The Oklahoma long-arm statutes have been construed as intending to extend the jurisdiction of the Oklahoma courts to the outer limits permitted by the United States Constitution. *Timberlake v. Summers*, 413 F.Supp. 708 (W.D.Okl.1976); *Radiation Researchers, Inc. v. Fischer Industries, Inc., supra; Fields v. Volkswagen of America, Inc.*, 555 P.2d 48 (Okl.1976). However, in order for a nonresident defendant to be amenable to suit in Oklahoma under the Oklahoma long-arm statutes, the cause of action must arise out of the same acts which provide the basis for the Oklahoma court's exercise of in personam jurisdiction. *George v. Strick Corp.*, 496 F.2d 10 (10th Cir. 1974); *Roberts v. Jack Richards Aircraft Co.*, 536 P.2d 353 (Okl.1975); *Crescent Corp. v. Martin*, 443 P.2d 111 (Okl.1968); *see Roc, Inc. v. Progress Drillers, Inc., supra.*

■ If a nonresident defendant commits a tortious act within Oklahoma which causes injury within Oklahoma, then Oklahoma Courts may properly acquire personal jurisdiction over such nonresident defendant by personal service on him in his home state. *See Combs v. Chambers*, 283 F.Supp. 295

§ 187, 12 Okla.Stat.1971 § 1701.03 and 18 Okla. Stat.1971 § 1.204a. *Roc, Inc. v. Progress Drillers, Inc.*, 481 F.Supp. 147 (W.D.Okl.1979); *Garrett v. Levitz Furniture Corp.*, 356 F.Supp. 283 (N.D.Okl.1973); *see ABC Drlg. Co. v. The Hughes Group*, 609 P.2d 763 (Okl.1980).

In pertinent part 12 Okla.Stat.Supp.1979 § 187 provides:

(a) Any person, firm, or corporation other than a foreign insurer licensed to do business in the State of Oklahoma whether or not such party is a citizen or resident of this State and who does, or who has done, any of the acts hereinafter enumerated, whether in person or through another, submits himself, or shall have submitted himself, and if an individual his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising, or which shall have arisen, from the doings of any of said acts:

(1) the transaction of any business within this STATE;

(2) the commission of any act within this State;

(3) the manufacture or distribution of a product which is sold in the regular course of business within this STATE and is used within this STATE; ....

The second so-called "long arm" statute, 12 Okla.Stat.1971 § 1701.03, provides in part as follows:

(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action or claim for relief arising from the person's:

....

(3) causing tortious injury in this state by an act or omission in this state;

(4) causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenues from goods used or consumed or services rendered in this state; ....

The Oklahoma Legislature repealed 18 Okla. Stat.1971 § 1.204a on April 10, 1980. 1980 Okla.Sess.Law Serv. Ch. 68 § 1 at page 115 (West). Therefore, § 1.204a has no application to this case which was filed in August, 1980.

(N.D.Okl.1968); 12 Okla.Stat.Supp.1979 § 187; 12 Okla.Stat.1971 § 1701.03.[3]

■ In the instant case, Plaintiff has made a prima facie showing that jurisdiction is conferred under 12 Okla.Stat.1971 § 1701.03(a)(3). Libel is a tort and is alleged to have been committed in Oklahoma by Defendants' affirmative act of distributing the allegedly libelous article in Oklahoma. Accordingly, Defendants' Motion to Dismiss for lack of in personam jurisdiction should be overruled.

Turning to Defendants' alternative Motion for a Stay of Proceedings, the Court determines that said Motion is without merit. As pointed out above, there is apparently no case presently pending in any Texas District Court. The case alluded to by Defendants has not been filed in the District Court of Harris County, Texas after it was transferred from the District Court of Bexar County, Texas.

■ Moreover, even if there was an action presently pending in the Texas state courts involving the same parties and circumstances as the instant case, this Court is not required to stay proceedings and await the decision of the state court. It is well settled that when an action in personam is pending in both state and federal courts each court is free to proceed in its own way and in its own time, without reference to proceedings in the other court. *See Kline v. Burke Construction Company*, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 (1922); *Graziano v. Pennell*, 371 F.2d 761 (2nd Cir. 1967); *Ballantine Books, Inc. v. Capital Distributing Company*, 302 F.2d 17 (2nd Cir. 1962). Accordingly, said Motion to Stay should be overruled.

Finally, Defendants move to have this matter transferred to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1404(a).

■ The transfer of pending civil cases from one district to another is governed by 28 U.S.C. § 1404(a), which provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The purpose of § 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); *Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960).

■ A transfer under § 1404(a) lies within the discretion of the trial court. *Wm. A. Smith Contracting Co. v. Travelers Indemnity Co.*, 467 F.2d 662 (10th Cir. 1972); *Metropolitan Paving Co. v. International Union of Operating Engineers*, 439 F.2d 300 (10th Cir. 1971), *cert. denied*, 404 U.S. 829, 92 S.Ct. 68, 30 L.Ed.2d 58 (1971); *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145 (10th Cir. 1967); *Houston Fearless Corp. v. Teter*, 318 F.2d 822 (10th Cir. 1968). The burden of establishing that a case should be transferred is on the movant and unless the evidence and circumstances of the case are strongly in favor of the transfer, the plaintiff's choice of forum should rarely be disturbed. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Wm. A. Smith Contracting Co. v. Travelers Indemnity Co., supra; Texas Gulf Sulphur Co. v. Ritter, supra; Houston Fearless Corp. v. Teter, supra.*

3. Defendants cite *Walker v. General Features Corporation*, 319 F.2d 583 (10th Cir. 1963), for authority that they are not doing business in Oklahoma and therefore are not amendable to suit in Oklahoma. In the *Walker* case the Plaintiff asserted in personam jurisdiction based upon 18 Okla.Stat.1961 § 1.204a which allowed the courts in Oklahoma to exercise in personam jurisdiction over a nonresident corporation doing business in Oklahoma, regardless of whether the cause of action was related to the business transacted by said corporation.

In May of 1965 and after *Walker* was decided the Oklahoma legislature passed 12 Okla.Stat. 1971 § 1701.03 which allows the Oklahoma courts to exercise in personam jurisdiction over a nonresident person who causes "tortious injury in this State by an act or omission in this State; . . . ." 12 Okla.Stat.1971 § 1701.03(a)(3). Plaintiff in the instant case is apparently relying on § 1701.03(a)(3) as a basis for this Court's exercising in personam jurisdiction over Defendants. Therefore, the *Walker* case has no application in the instant case.

In the instant case, Defendants have failed to present any evidence which would support the transfer of this case under the three factors set out in § 1404(a): convenience of parties; convenience of witnesses; and interest of justice. Therefore, Defendants have failed to carry their burden of establishing that the instant case should be transferred to Texas. Under these circumstances, Plaintiff's choice of forum will not be disturbed.

In view of the foregoing, the Court finds and concludes that Defendants' Motion to Dismiss, Stay or Transfer should be overruled. Accordingly, Defendants are directed to answer Plaintiff's "Original Complaint" within 20 days of this date.